1

2

3

4

5

ASH

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

9

10

11

12

13

14

Jeremy Pinson,

               Plaintiff,

v.

J. Dukett, et al.,

               Defendants.

No.  CV 19-00422-TUC-RM

**ORDER**

15

16

17

18

19

20

21

      Plaintiff Jeremy Pinson, who is confined in the United States Penitentiary in Tucson, Arizona ("USP-Tucson"), has filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and, after being directed to do so, an Application to Proceed In Forma Pauperis (Doc. 4).  Plaintiff has also filed a Motion for Preliminary Injunction (Doc. 6). The Court will deny the Motion, order Defendant Karlan to answer Count One of the Complaint, and dismiss the remaining claims and Defendants without prejudice.  The Court will also dismiss the Complaint to the extent it seeks injunctive relief.

22

. . . .

23

. . . .

24

. . . .

25

. . . .

26

. . . .

27

. . . .

28

. . . .

TERMPSREF

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

Plaintiff is a serial litigant who has accrued more than three strikes for purposes of 28 U.S.C. § 1915(g).[1]   As such, Plaintiff may only proceed in forma pauperis if she[2] credibly alleges that she is in imminent danger of serious physical injury.  *Id.*  The Court concludes that, for purposes of this case, Plaintiff has done so, and the Court will thus grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $5.00.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

---

[1] *See e.g. Pinson v. Rathman*, case no. 1:10-CV-02469-AKK-HGD (N.D. Ala. 2010) (June 30, 2011 Memorandum Opinion and Judgment dismissing case for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)); *Pinson v. United States*, case no. 14-4069 (2d Cir. 2014) (January 14, 2015 Order dismissing appeal pursuant to 28 U.S.C. § 1915(e) "because it 'lacks an arguable basis in law or in fact'"); *Stine v. John Doe*, case no. 14-6160 (4th Cir. 2014) (April 29, 2014 Order dismissing appeal as frivolous); *Pinson v. Chipi*, case no. 10-12235 (11th Cir. 2010) (February 2, 2011 Order dismissing appeal as frivolous); and *Pinson v. Lappin*, case no. 11-1099 (10th Cir. 2011) (September 21, 2011 Order dismissing appeal and noting that it "shall be recorded as a strike under 28 U.S.C. § 1915(g)").

[2] Plaintiff states that she is transgender, and she refers to herself using female pronouns.  The Court will do the same.

not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**III.   Complaint**

In her three-count Complaint, Plaintiff names as Defendants: USP-Tucson Officers J. Dukett, T.Schneider, E. Shaw, and J. Karlan; USP-Tucson SHU Officers J. Rodriguez, J. Coyle, G. Shields, M. Vasquez, and J. Ruff; USP-Tucson Warden B. Blanckensee; USP-Tucson Doctors Ann Ash, S. Waite, and H. Biehler, and the United States Bureau of Prisons ("BOP"). Plaintiff seeks monetary and injunctive relief.

In Count One, Plaintiff alleges that she is suicidal and "reported her suicidal intent" to Dukett, Schneider, Shaw, Karlan, Rodriguez, Shields, Coyle, Vasquez, and Ruff; however, none of these Defendants "notified the psychologist or a supervisor." Plaintiff self-mutilated but was never seen by a medical professional. Dukett, Karlan, and Schneider

"regularly encouraged" mentally ill inmates to kill themselves, and Karlan "provided [Plaintiff] a new razor to commit suicide."  Dukett and Schneider also screamed slurs at Plaintiff.  The Court will construe Count One as an Eighth Amendment threat-to-safety claim.

In Count Two, Plaintiff alleges that Blanckensee "sets local policy" as USP-Tucson Warden, and that in 2018 she "banned all forms of mental and emotional stimulus in SHU such as newspapers, magazines, books, radios, televisions, [and] educational programs," which "exasperated Plaintiff's existing mental illnesses."  Plaintiff also alleges that Blanckensee "permitted her SIS and mailroom staff to withhold all of [Plaintiff's] incoming and outgoing general correspondence," and that "all of the foregoing was done as an official of [the Bureau of Prisons]."  The Court will construe Count Two as brought against Blanckensee in her official capacity.

In Count Three, Plaintiff alleges that between April and August 2019, she submitted "multiple sick call requests seeking a CPAP machine, treatment for a painful earache, chest pains, chronic headaches, nerve pain, and back pain."  However, Defendants Ash, Waite, and Biehler "never examined or treated [Plaintiff]," and "Ash and Biehler discontinued medications … for no reason despite [Plaintiff's] significant mental illness and never rescheduled [Plaintiff] to see a psychiatrist."  The Court will construe Count Three as an Eighth Amendment medical-care claim.

**IV.   Failure to State a Claim**

**A.   Monetary Relief**

The Court presumes for purposes of this Order that Plaintiff's claims are sufficiently similar to *Davis v. Passman*, 442 U.S. 228 (1979) so as to have a cause of action for monetary damages.  *See Ziglar v. Abbasi*, ___ U.S. ___, 137 S. Ct. 1843 (2017).  Because the Court will order Defendant Karlan to answer Count One, *see* Part V, *infra*, Defendant Karlan will be free to contest whether Plaintiff's claims arise in a new context so as to preclude monetary relief, if Defendant wishes to do so.  *Id.*

. . . .

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.    Count One

As noted, the Court construes Count One as an Eighth Amendment threat-to-safety claim.  To state a claim for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks.  *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994).  To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  *Id*. at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."  *Id*.  Thus, Plaintiff must allege facts to support when and how any particular defendant knew of a substantial risk of harm to Plaintiff and that the defendant disregarded or failed to take steps to protect Plaintiff.

As to Defendants Dukett, Schneider, Shaw, Rodriguez, Shields, Coyle, Vasquez, and Ruff, Plaintiff alleges that she "reported her suicidal intent" but that they did not "notify the psychologist on duty or a supervisor."  Plaintiff's allegations are too vague to sustain a cause of action.  Plaintiff does not describe when she supposedly informed these Defendants, or what specific information she provided them.  Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

Further, Plaintiff alleges that Dukett and Schneider regularly encouraged "mentally ill inmates *such as Plaintiff*" to commit suicide.  (Emphasis added).  However, Plaintiff does not allege that these Defendants actually encouraged *Plaintiff* — as opposed to any of the other inmates Plaintiff names — to commit suicide.  Nor does Plaintiff allege *how* they "encouraged" any inmates to commit suicide, or when they did so.

Finally, to the extent Plaintiff alleges that Dukett and Schneider also screamed obscenities at Plaintiff, "[v]erbal harassment or abuse . . . is not sufficient to state a

constitutional deprivation under 42 U.S.C. § 1983." *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quoting *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979)); *see also McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (mere threatening language and gestures do not, even if true, amount to constitutional violations); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973) (the use of words, no matter how violent, does not comprise a § 1983 violation).

Accordingly, Plaintiff has failed to state a claim in Count One against Defendants Dukett, Schneider, Shaw, Rodriguez, Shields, Coyle, Vasquez, and Ruff, and they will thus be dismissed.

### 2.    Count Two

In Count Two, Plaintiff alleges that Blanckensee, as USP-Tucson Warden, "sets local policy on conditions in SHU," and that Blanckensee's actions were "done as an official act of Defendant BOP." As such, it appears that Plaintiff is alleging claims against the BOP as an agency of the United States, and against Blanckensee in her official capacity. Sovereign immunity prevents *Bivens* actions against the United States, its agencies, or its employees in their official capacities. *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1984); *Holloman v. Watt*, 708 F.2d 1399, 1401-02 (9th Cir. 1983); *see also Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (9th Cir. 1993) (federal agencies are immune from suit and the district courts lack jurisdiction over them absent express statutory authorization). Accordingly, Plaintiff has failed to state a claim in Count Two for which monetary relief could be granted, and Count Two will thus be dismissed.

### 3.    Count Three

As noted, the Court construes Count Three as an Eighth Amendment medical care claim. Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th

Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

In Count Three, Plaintiff alleges that she "gave the nurse multiple sick call requests" between April and August 2019, but that Ash, Waite, and Biehler "never examined or treated Plaintiff." Plaintiff does not, however, describe when exactly she submitted these requests, what information they contained, or how she knows that Ash, Waite, and Biehler

1   "were provided" the requests.  As with her other allegations, Plaintiff's allegations here are
2   too vague and conclusory to sustain a cause of action.

3          Further, to the extent that Plaintiff complains that Ash and Biehler "discontinued
4   medications," Plaintiff fails to describe *who* originally prescribed these medications, *when*
5   these medications were discontinued, *why* they were discontinued, *what* these medications
6   were treating, or whether she received any *substitute* treatments.  Accordingly, Plaintiff
7   has failed to state a claim in Count Three, and it will thus be dismissed.

8          **B.     Injunctive Relief**

9          As relief for her Complaint, Plaintiff seeks an injunction "enjoining BOP from
10  denying proper treatment to mentally ill SHU inmates, enjoining BOP from holding
11  [Plaintiff] in SHU, enjoining BOP from denying SHU inmates access to radios, books,
12  mail, magazines, newspapers, and educational programs, [and] enjoining denial of CPAP,
13  Wellbutrin, pain medications and medical [treatment]."

14         Because the Court has determined that Plaintiff has failed to state a claim in Counts
15  One (with the exception, as discussed below, of her allegation that Karlan provided her
16  with a razor) and Three, Plaintiff's requests that she be granted an injunction related to the
17  "proper treatment of mentally ill SHU inmates, … holding [Plaintiff] in SHU, … and
18  den[ying Plaintiff] CPAP, Wellbutrin, pain medications and medical [treatment]" are
19  unrelated to her single remaining claim, and will thus be dismissed.  *See Kaimowitz v.*
20  *Orland, Fla.*, 122 F.3d 41, 43 (11th Cir.) (*per curiam*), *amended*, 131 F.3d 950 (11th Cir.
21  1997) (*per curiam*) ("A district court should not issue an injunction when the injunction in
22  question is not of the same character, and deals with a matter lying wholly outside the
23  issues in suit.").

24         To the extent that Plaintiff also seeks an injunction providing "access to radios,
25  books, mail, magazines, newspapers, and educational programs," this allegation, liberally
26  construed, appears related to her allegations in Count Two.  As such, while the Court has
27  determined that *monetary* relief is precluded against the BOP and Blanckensee in her
28  official capacity, *injunctive* relief remains available to the extent that Plaintiff has

**TERMPSREF**

adequately stated a claim.  28 U.S.C. § 1331; *see also Bell v. Hood*, 327 U.S. 678, 684 (1946) ("[I]t is established practice for this Court to sustain the jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution."); *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010) (concluding that petitioners had an implied right of action for injunctive relief directly under the Constitution); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (equitable relief "has long been recognized as the proper means for preventing entities from acting unconstitutionally").

A suit against a defendant in his or her *official* capacity represents only another way of pleading an action against the entity that employs the defendant. *Kentucky*, 473 U.S. at 165.  That is, the real party in interest is not the named defendant, but the entity that employs the defendant, in this case the BOP. *Id.*  To bring a claim against an individual in his official capacity, a plaintiff must show that the constitutional deprivation resulted from the entity's policy, custom, or practice. *Id.*; *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).  Here, Plaintiff alleges that the banning of newspapers, magainzes, books, radios, televisions, and education programs have "exacerbated Plaintiff's existing mental illnesses."  Plaintiff does not, however, describe *how* they have "exacerbated" her "existing mental illnesses," nor has she described what those "mental illnesses are."  As with her other allegations, Plaintiff's allegations here are too vague and conclusory to sustain a claim against either Blanckensee or the BOP so as to entitle Plaintiff to injunctive relief.  Accordingly, Plaintiff has failed to allege any claim for which injunctive relief could be granted, and the Complaint will thus be dismissed to the extent Plaintiff seeks injunctive relief.

**V.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has sufficiently stated an Eighth Amendment threat-to-safety claim against Defendant Karlan in Count One to the extent that she alleges that Karlan "provided Plaintiff a new razor to commit suicide."  Karlan will be required to answer that portion of Count One to the extent that Plaintiff seeks monetary relief.

1  **VI.     Motion for Preliminary Injunction**

2          In her Motion for Preliminary Injunction, Plaintiff seeks an injunction "enjoining

3  Defendants from (1) denying her release from SHU, (2) denying her receipt of books,

4  magazines, [and] newspapers, (3) denying her access to items related to gender dysphoria

5  such as makeup, beard trimmers, female clothing and undergarments, [and] (4) denying

6  her access to a psychologist [] during crises such as suicidality."

7          To obtain a preliminary injunction, the moving party must show "that he is likely to

8  succeed on the merits, that he is likely to suffer irreparable harm in the absence of

9  preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

10 the public interest."  *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 21

11 (2008).    The  moving  party  has  the  burden  of  proof  on  each  element  of  the  test.

12 *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal.

13 2000).

14         Here, because Plaintiff has failed to state a claim against any Defendant other than

15 Karlan, her request for preliminary injunction related to "(1) denying her release from

16 SHU, (2) denying her receipt of books, magazines, [and] newspapers, (3) denying her

17 access  to  items  related  to  gender  dysphoria  such  as  makeup,  beard  trimmers,  female

18 clothing and undergarments" will be denied because Plaintiff has failed to demonstrate that

19 she is likely to succeed on the merits of any claim related to those requests.  To the extent

20 Plaintiff also requests that she be granted a preliminary injunction enjoining Defendants

21 from "(4) denying her access to a psychologist [] during crises such as suicidality," Plaintiff

22 has  not  made  any  allegations  in  her  Complaint  that  she  has  been  denied  access  to  a

23 psychologist during crises, much less that any named Defendant is responsible for that

24 denial.  Accordingly, Plaintiff has failed to demonstrate that she is likely to succeed on the

25 merits  of  any  of  her  requests  for  preliminary  injunctive  relief,  and  her  Motion  for

26 Preliminary Injunctive Relief will thus be denied.

27 . . . .

28 . . . .

**VII.    Warnings**

**A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 4) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $5.00.

**TERMPSREF**

1    (3)    Plaintiff's Motion for Preliminary Injunction (Doc. 6) is **denied**.

2    (4)    Counts Two and Three are **dismissed** without prejudice.

3    (5)    Defendants Dukett, Schneider, Shaw, Rodriguez, Coyle, Shields, Vasquez,

4    Ruff, Blanckensee, Ash, Waite, Biehler, and the Bureau of Prisons are **dismissed** without

5    prejudice.

6    (6)    The Complaint is dismissed to the extent Plaintiff seeks injunctive relief.

7    (7)    Defendant Karlan must answer Count One to the extent set forth herein.

8    (8)    The Clerk of Court must send Plaintiff a service packet including the

9    Complaint (Doc.  1), this Order, and both summons and request for waiver forms for

10   Defendant Karlan.

11   (9)    Plaintiff must complete and return the service packet to the Clerk of Court

12   within 21 days of the date of filing of this Order.  The United States Marshal will not

13   provide service of process if Plaintiff fails to comply with this Order.

14   (10)    If Plaintiff does not either obtain a waiver of service of the summons or

15   complete service of the Summons and Complaint on a Defendant within 90 days of the

16   filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

17   action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

18   (11)    The United States Marshal must retain the Summons, a copy of the

19   Complaint, and a copy of this Order for future use.

20   (12)    The United States Marshal must personally serve a copy of the Summons,

21   Complaint, and this Order on Defendant Karlan at Government expense, pursuant to Rule

22   4(e)(2) and (i)(3) of the Federal Rules of Civil Procedure.

23   (13)    Upon receipt of the service packet, the Clerk of Court must send by certified

24   mail a copy of the Summons for Defendant Karlan, the Complaint, and this Order to (1) the

25   civil process clerk at the office of the United States Attorney for the District of Arizona

26   and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal

27   Rules of Civil Procedure.

28   . . . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

   (14) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

   Dated this 17th day of January, 2020.

_____
Honorable Rosemary Márquez
United States District Judge

TERMPSREF

- 13 -