**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>          Plaintiff,<br><br>v.<br><br>J. Dukett, et al.,<br><br>          Defendants. | No. CV-19-00422-TUC-RM<br><br>**ORDER** |

      Pending before the Court is Plaintiff's Motion to Amend/Correct Complaint. (Doc. 16.) For the following reasons, the Court will grant leave to amend and will order service of the First Amended Complaint upon Defendants E. Shaw, J. Coyle, M. Vilareal, T. Schneider, J. Dukett, G. Shields, and the United States. Defendants E. Shaw, J. Coyle, M. Vilareal, T. Schneider, J. Dukett, and G. Shields will be required to answer Count Two and the United States will be required to answer Count Three.

      Plaintiff filed a pro se Complaint alleging civil rights violations pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) on August 26, 2019. (Doc. 1.) On January 21, 2020, this Court issued a Screening Order directing Defendant Karlan to answer Count One of Plaintiff's Complaint and dismissing the remaining claims and defendants without prejudice. (Doc. 7.) Plaintiff filed the Motion for Leave to Amend/Correct Complaint and attached a proposed First Amended Complaint (FAC) on March 4, 2020. (Doc. 16.) The FAC adds a cause of action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, and reasserts her constitutional claims

pursuant to *Bivens*, 403 U.S. 388. (Doc. 16-1.) The FAC names as defendants: J. Dukett, T. Schneider, E. Shaw, J. Karlan, J. Coyle, G. Shields, M. Vilareal, and J. Carey, officers at United States Penitentiary-Tucson (USP-Tucson); Ann Ash, S. Waite, and Heidi Haight-Biehler, doctors at USP-Tucson; and the United States. (*Id*.) Plaintiff seeks monetary relief in an amount to be determined against each individual defendant and in the amount of $299,000 against the United States. (*Id*. at 6.) Plaintiff also seeks an injunction against the United States prohibiting its staff at USP-Tucson from retaliating against Plaintiff by labeling her a snitch and harassing her. (*Id*.)

A party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1)(a). In all other cases, a party may amend its pleading only with the opposing party's written consent or with leave of court, which should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff may not amend her Complaint as a matter of right at this stage. Defendant has neither consented to nor opposed amendment, and the time for responding to the Motion for Leave to Amend has expired. LRCiv 7.2(c).

The Court finds that justice requires that Plaintiff be given leave to amend. *See Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1152 (D. Ariz. 2016), *aff'd*, 705 F. App'x 539 (9th Cir. 2017) (factors relevant in determining whether leave to amend should be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposition party by virtue of the allowance of the amendment, [and] futility of amendment."); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice."). "As a general rule, when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (internal quotations omitted).

. . . .

. . . .

**I.      Count One**

In Count One of the FAC, Plaintiff alleges that her Eighth Amendment rights were violated while she was being held in a "secure cell" in the Special Housing Unit (SHU). (*Id*. at 3.) Plaintiff alleges that on or about April 25 to April 29, 2019, she cut herself (self-mutilated) and subsequently was placed in hand restraints and her cell was searched for razor blades. (*Id*.) Plaintiff alleges that during the search, Defendants Karlan, Shaw, Coyle, and Vilareal located a journal in which Plaintiff was recording her observations of the Defendants engaging in misconduct. (*Id*.) Plaintiff alleges that, upon discovering this information, Defendants, from about April 25 to May 22, would scream "Pinson's a snitch" while doing their rounds within earshot of forty other inmates. (*Id*.) Plaintiff further alleges that Defendants Schneider, Dukett, Shields, and Carey also harassed her by calling her a "snitch." (*Id*.) Plaintiff states that she experienced depression, anxiety, insomnia, and self-harm as a result of Defendants' actions. (*Id*.) Plaintiff further alleges that she never pursued administrative remedies because her counselor Daniel Diaz refused to provide or process her forms. (*Id*.)

As previously discussed in the Court's screening order, the Court construes Count One as an Eighth Amendment threat-to-safety claim. (*See* Doc. 7 at 5.) To state a claim for failure to protect or threats to safety, an inmate must allege facts to support that she was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Id*. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Id*. Thus, Plaintiff must allege facts to support when and how any particular defendant knew of a substantial risk of harm to Plaintiff and that the defendant disregarded or failed to take steps to protect Plaintiff.

In the original Complaint, Plaintiff alleged that Defendant Karlan provided her with a new razor blade. (Doc. 1 at 3.) Based on that allegation, the Court ordered Defendant Karlan to answer Count One of Plaintiff's original Complaint. (Doc. 7 at 9.) Plaintiff has not included the allegation that Defendant Karlan provided her with a razor blade in Count One of the proposed FAC. Plaintiff's allegations against all Defendants in Count One are limited to allegations that Defendants verbally harassed her. (Doc. 16-1 at 3.) As previously discussed in the screening order, verbal harassment or abuse alone is not sufficient to state a cause of action under 42 U.S.C. § 1983. (*See* Doc. 7 at 5-6); *see also Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).

"As a general rule, when a plaintiff files an amended complaint, the amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Robinson*, 621 F.3d at 1005. Because Plaintiff has failed to state a claim against any of the Defendants named in Count One, Count One will be dismissed. Defendant Carey, who is not named in any other counts, will be dismissed.

**II.     Count Two**

In Count Two of the FAC, Plaintiff reincorporates the facts stated in Count One and alleges the following additional facts: Defendant Blanckensee[1] had banned razors in SHU from April 20 to May 22 due to inmates' suicide attempts. (Doc. 16-1 at 4.) Defendant Karlan threw a "brand new razor" into Plaintiff's cell and screamed, "Kill yourself you [illegible] bitch." (*Id.*) Plaintiff showed the razor to Defendants Shaw, Coyle, Vilareal, Schneider, Dukett, and Shields and told them to "get it out" of her cell, which they did not do. (*Id.*) Plaintiff alleges that Defendants knew she was at risk of suicide and self-harm and had observed her cutting herself and "bleeding heavily from [her] scrotum," yet did nothing to remove the razor blade from Plaintiff's possession and did not notify their supervisors or medical staff. (*Id.*) Plaintiff further alleges that her injuries were reported to Defendants Waite, Ash, and Haight-Biehler, who did not thereafter examine or treat her injuries (*Id.*) Plaintiff further alleges that she never pursued administrative remedies because her counselor Daniel Diaz refused to provide or

---

[1] Plaintiff's FAC does not name a Defendant Blanckensee. (*See* Doc. 16-1 at 2, 7.)

process her forms. (*Id*.) As a result of Defendants' actions, Plaintiff alleges that she suffered a laceration on her arm, scarring, nerve damage, depression, anxiety, and suicidality. (*Id*.) The Court construes Count Two as to Defendants Karlan, Shaw, Coyle, Vilareal, Schneider, Dukett, and Shields as an Eighth Amendment threat-to-safety claim. The Court construes Count Two as to Defendants Waite, Ash, and Haight-Biehler as an Eighth Amendment medical care claim.

### A. Threat to Safety Claim

To state a claim for failure to protect or threats to safety, an inmate must allege facts to support that she was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Id*. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Id*. Thus, Plaintiff must allege facts to support when and how any particular defendant knew of a substantial risk of harm to Plaintiff and that the defendant disregarded or failed to take steps to protect Plaintiff. Pro se pleadings are liberally construed and may not be dismissed without allowing an opportunity to present evidence unless it appears "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (internal quotations omitted).

Liberally construed, Plaintiff has sufficiently stated an Eighth Amendment threat-to-safety claim against Defendants Karlan, Shaw, Coyle, Vilareal, Schneider, Dukett, and Shields in Count Two to the extent that Plaintiff seeks monetary relief.

### B. Medical Care Claim

To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's

response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

Plaintiff fails to state a claim in Count Two against USP-Tucson medical doctors Waite, Ash, and Haight-Biehler. Plaintiff does not describe when or how Waite, Ash, and Haight-Biehler were informed of her injuries beyond stating that they were informed by Nurse Williams. Plaintiff does not provide sufficient facts explaining how or why Waite, Ash, and Haight-Biehler's non-treatment of Plaintiff under the alleged circumstances rose to the level of deliberate indifference. Plaintiff's allegations as to Waite, Ash, and Haight-Biehler are too vague and conclusory to support a deliberate indifference claim, and Waite, Ash, and Haight-Biehler will be dismissed.

### III. Count Three

In Count Three of the FAC, Plaintiff reincorporates the facts as stated in Counts One and Two and alleges the following additional facts: Plaintiff was placed in a cell with a cellmate who threatened her. (Doc. 16-1 at 5.) Plaintiff notified Officer Vasquez that she feared for her safety and requested to be separated, but he did not separate her from her cellmate. (*Id.*) Plaintiff asserts that Officer Vasquez violated BOP policy by failing to separate them. (*Id.*) Later, Plaintiff's cellmate "attacked and tried to rape [her] beating her with closed fists for nearly ten minutes." (*Id.*) Upon observing Plaintiff's injuries, prison staff transported her to the emergency room at Tucson Medical Center. (*Id.*) Plaintiff claims she suffered a broken nose, bruises, lacerations, a concussion, and mental health repercussions as a result. (*Id.*) Count Three raises a claim under the Federal Tort Claims Act (FTCA) and state law claims of assault, battery, negligence, and intentional infliction of emotional distress. (*Id.* at 5.) Attached to the FAC is a letter acknowledging receipt of Plaintiff's administrative claim on August 15, 2019 pursuant to the FTCA. (*Id.* at 8.)

The FTCA waives the United States' sovereign immunity from suit for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her office or employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). Thus, relief under the FTCA may be

sought for negligent acts or omissions of employees or agents of the federal government. *See Vander v. United States Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001); *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992). Claims under the FTCA may only be brought against the United States. 28 U.S.C. §§ 1346(b), 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (individual agencies of the United States may not be sued). The only relief provided for in the FTCA is money damages; the statute does not submit the United States to injunctive relief. *Westbay Steel, Inc.*, 970 F.2d at 651.

Plaintiff has alleged sufficient facts that, if proven, could show that Plaintiff suffered personal injury caused by the negligent or wrongful act of omission of a United States employee while acting within the scope of his employment. The United States will be required to answer Count Three of the FAC to the extent that Plaintiff seeks money damages under the FTCA. The United States shall also respond to Plaintiff's state law claims of assault, battery, negligence, and intentional infliction of emotional distress and address whether the Court should exercise supplemental jurisdiction over them. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("Depending on a host of factors. . . district courts may decline to exercise jurisdiction over supplemental state law claims.") As the FTCA does not permit injunctive relief, Plaintiff's claim for injunctive relief against the United States will be dismissed.

Accordingly,

**IT IS ORDERED** that:

(1) Plaintiff's Motion for Leave to Amend/Correct Complaint (Doc. 16) is **granted**. The Clerk of Court shall docket the proposed Amended Complaint, filed as an exhibit to Doc. 16, as Plaintiff's First Amended Complaint.

(2) Count One is **dismissed without prejudice**.

(3) Defendants J. Karlan, E. Shaw, J. Coyle, M. Vilareal, T, Schneider, J. Dukett, and G. Shields must answer Count Two to the extent set forth herein.

(4) Defendant United States must answer Count Three to the extent set forth herein.

(5) Defendants J. Carey, Ann Ash, S. Waite, and Heidi Haight-Biehler are **dismissed without prejudice**.

(6) Plaintiff's claim for injunctive relief against the United States is **dismissed**.

(7) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint, this Order, and both summons and request for waiver forms for Defendants Shaw, Coyle, Vilareal, Schneider, Dukett, Shields, and the United States.

(8) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9) The United States Marshal must for the individual Defendants Shaw, Coyle, Vilareal, Schneider, Dukett, and Shields, personally serve a copy of the Summons, First Amended Complaint, and this Order at Government expense, pursuant to Rule 4(e)(2) and (i)(3) of the Federal Rules of Civil Procedure.

(10) The United States Marshal must send by certified mail a copy of the Summons for the United States, the First Amended Complaint, and this Order to (1) the civil process clerk at the office of the United States Attorney for the District of Arizona and (2) the Attorney General of the United States, pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure.

(11) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(12) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(13) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 24th day of April, 2020.

_____
Honorable Rosemary Márquez
United States District Judge