

United States District Court
District of Arizona

Jeremy Pinson,
Plaintiff,

v.

United States of America,
Defendant

Case No. CV 19-00422-RM

## Motion For Limited Discovery and Supplemental Briefing

Comes now the plaintiff pro se, seeking per Fed.R.Civ.P. 56(d) limited discovery as to the issue of exhaustion of administrative remedies and for supplemental briefing thereafter.

### Background

Defendant United States moved for summary judgment pursuant to Fed.R.Civ.P. 56(c) by a Motion (Doc. 42), to which plaintiff then filed a response (Doc. 48), to which defendant has filed a reply (Doc. 50).

There has been no discovery in this case, and the Court has granted a stay of discovery upon defendants motion. (Doc. 49).

At the core of defendants Motion and Reply, is the suggestion that plaintiff submitted an SF-95

1

Claim Form, in which "BOP was deprived of the ability to determine whether, in fact, the alleged failure to protect Plaintiff posed a legitimate litigation risk, what value to place on Plaintiff's claim, and whether to offer a settlement to resolve the matter short of a federal lawsuit." (Reply, Doc. 50 at Page 4).

### Legal Standards Involved

### Discovery

Fed. R. Civ. P. 56(d)(2) "the Court may ... allow time to obtain affidavits or declarations or to take discovery" also see: Witchita Falls Office Assoc. v. Banc one Corp., 978 F.2d 915 (5th Cir. 1992)( holding continuance of motion for summary judgment for purposes of discovery should be granted almost as a matter of course, unless non-moving party has not diligently pursued discovery); Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2013)("district court may in its discretion limit discovery to evidence concerning exhaustion"). "The burden shifts to the plaintiff to rebut by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile. However, as required by Jones the ultimate burden of proof remains with the defendant." Id. at 1172 (citing Jones v. Bock, 549 U.S. 199 (2007)).

2

## Retaliation/Intimidation/Machination/Availability

The Supreme Court has held, "prison administrators thwart [Prisoners] from taking advantage of a grievance process through machination, misrepresentation, or intimidation" on the basis of determining if an administrative remedy was available. Ross v. Blake, 136 S.Ct. 1850, 1860 (2016); Andres v. Marshall, 867 F.3d 1076, 1078 (9th Cir. 2017)(reversing grant of summary judgment, relying on Ross).

The Supreme Court in Ross stated "as Booth made clear, an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Ross, 136 S.Ct. at 1859-1860 (citing Booth v. Churner, 532 U.S. 731, 736-38 (2001)).

## Relevant Facts

Prior to denying the SF-95 Claim, a BOP Attorney Benjamin J. Brieschke spoke to plaintiff regarding settlement thereof on May 21, 2020 (See Decl. of Jeremy Pinson - attached hereto). Furthermore, prior to filing the SF-95 Claim in this action BOP had summarily denied - without investigation - more than a dozen

3

SF-95 Claims of Plaintiff (id.).

### Arguments

The AUSA assigned to this case has challenged the sufficiency of the SF-95 claim submitted to the BOP. (Doc. 42 and 50). She has done so ostensibly because as she argues at least - "BOP was deprived of the ability to determine whether, in fact, the alleged failure to protect Plaintiff posed a legitimate litigation risk, what value to place on plaintiff's claim, and whether to offer a settlement to resolve the matter short of a federal lawsuit." (Reply, Doc. 50 at 4).

The Supreme Court, and Ninth Circuit, have plainly stated the burden of proving non-exhaustion rests with defendant. Ross, 136 S.Ct. at 1860 and Andres, 867 F.3d at 1078.

The Supreme Court made clear in Ross, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end - with officers unable or consistently unwilling to provide any relief to aggrieved inmates." id.

The record in this case is devoid of evidence, from normal discovery, on the questions which as a matter

4

law deserve development:

1. What was discussed between Brieschke and Pinson on May 12, 2020?
2. Was there a settlement offer by Brieschke?
3. What was Brieschke's offer?
4. What was Pinson's response to the offer?
5. Did Brieschke hand Pinson the SF-95 Claim at issue, when initiating the May 12, 2020 discussion?
6. Why was Pinson's response to Brieschke's offer rejected?
7. Did BOP Attorneys attempt to communicate with Pinson after Brieschke's offer? If so, Why? If not, Why not?

The defendants counsel opened this door, and both the Supreme Court and Ninth Circuit have rejected the notion that discovery limited to exhaustion isn't proper in resolving a Rule 56 motion. Albino, 747 F.3d at 1172.

With the benefit of hindsight, Counsel is attempting to secure summary judgment via an end-run around consideration of what transpired <u>after</u> the filing of the SF-95 and asks this Court to look strictly to the SF-95 and nothing more in deciding its motion. The Supreme Court and Ninth Circuit have both rejected the propriety of this approach. And since counsel has opened the door to the issue of BOP's ability to

settle the claim before the Court, claiming in fact it was "deprived" of the chance (Doc. 50 at 4), plaintiff should be given the opportunity for factual development of the issue.

Wherefore, plaintiff seeks limited discovery such as:

1. An expedited period of discovery limited to the issue of discovery, plaintiff may proffer a single discovery request under Fed. R. Civ. P. 33, 34 and 36.
2. Defendants shall respond within 20 days to the discovery request.
3. Counsel for defendants will discuss via telephone, any discovery disputes with plaintiff within 10 days of its response above, by arranging a call with plaintiff's unit team.
4. Set an evidentiary hearing on the Motion (Doc. 42) thereafter.
5. Adjudicate the Motion (Doc. 42) after discovery.

_____
Jeremy Pinson - Plaintiff

Certificate of Service

I certify service of this Motion on 4-5-21 via U.S. Mail upon AUSA Erica McCallum.

_____
Jeremy Pinson

6

## Declaration of Jeremy Pinson

I declare under penalty of perjury that:

1. On May 21, 2020 BOP Benjamin Brieschke and his legal assistant Lorri Mitchell had me removed from my cell in the USP Tucson SHU to a private room.

2. Once in the private room Brieschke handed me a copy of the SF-95 at issue in Doc. 42 and 50 in this lawsuit.

3. Brieschke stated "there are some holes in both our cases so I wanted to see if we can resolve your tort claim" and "remember, I'm working with thousands here," among other statements.

4. I have known Brieschke for nearly 10 years ago when he was a BOP Attorney at ADX Florence.

5. I explained to Brieschke a willingness to settle, and explained I wanted to try a non-monetary concession first. I explained what I wanted, he said he'd discuss it with "executive staff" and never spoke to me again about the SF-95 claim.

6. At no time did Brieschke say he lacked details during our conversation, had he done so I would have supplied them. I believed we had a deal and had no reason to believe he needed information.

Executed as true under 28 U.S.C. 1746.

Jeremy Pinson