MGD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | No.  CV 19-00422-TUC-RM<br><br>**ORDER** |

  Plaintiff Jeremy Pinson, who is currently confined in the United States Penitentiary ("USP")-Coleman in Coleman, Florida, brought this pro se civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.  Pending before the Court is Defendant's Motion to Dismiss Plaintiff's state law claims (Doc. 39), Defendant's Motion for Summary Judgment Regarding Failure to Exhaust Administrative Remedies (Doc. 42), and Plaintiff's Motion for Limited Discovery and Supplemental Briefing on the issue of exhaustion (Doc. 51).  Plaintiff was informed of her rights and obligations to respond to Defendant's Motions (Docs. 40, 45), and she opposes the Motions (Docs. 46, 48).

**I. Background**

  Plaintiff's claims in this action arose while she was incarcerated in the USP-Tucson in Tucson, Arizona.  Plaintiff alleges in Count Three of her First Amended Complaint that she was placed in the Special Housing Unit ("SHU") on June 13, 2019 on "false charges,"

that "staff continued to harass her," and Officers Shields, Dukett, and Schneider "continued to loudly call Plaintiff a 'snitch' in front of other inmates." (Doc. 22 at 5.)[1] Around July 12, 2019, Plaintiff was placed in a cell that did not have a duress alarm, even though other SHU cells did have duress alarms. (*Id*.) Plaintiff's cellmate accused Plaintiff of being a "snitch" based on Shields, Dukett and Schneider calling Plaintiff a snitch. (*Id*.) Plaintiff asked her cellmate to calm down and gave a note to Officer Vasquez, stating that she needed a new cellmate and feared for her life, but Vasquez did not separate Plaintiff from the cellmate, in violation of Bureau of Prisons ("BOP") policy. (Doc. 22 at 5.) When Vasquez next did his rounds, Plaintiff gave Vasquez a second note stating that her cellmate had threatened to rape her, but, again, Vasquez, failed to separate Plaintiff and her cellmate, in violation of Prison Rape Elimination Act ("PREA") policy. (*Id*.) Later that day, the cellmate attacked Plaintiff with closed fists for nearly 10 minutes and tried to rape her. (*Id*.) Plaintiff was taken to the Tucson Medical Center with severe injuries; she suffered a broken nose, bruises, lacerations, a concussion, and mental health injuries due to the attack. (*Id*.) Plaintiff asserts an FTCA claim in Count Three and Arizona state law claims of assault, battery, negligence, and intentional inflictions of emotional distress ("IIED"). (*Id*.) Plaintiff seeks damages. (*Id*. at 6.)

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated an FTCA claim for damages against Defendant United States in Count Three and directed Defendant to answer the claim. (Doc. 21.) The Court also directed Defendant to respond to Plaintiff's state law claims of assault, battery, negligence, and IIED in Count Three and to address whether the Court should exercise supplemental jurisdiction over the state law claims.[2] (*Id*.)

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

[2] The Court also determined that Plaintiff stated an Eighth Amendment threat-to-safety claim in Count Two against various individual Defendants, but Plaintiff voluntarily dismissed those individual Defendants from this action before they had answered or sought summary judgment, which made the dismissal of those Defendants and claims effective upon filing. (Doc. 25.)

**II.     Motion to Dismiss State Law Claims in Count Three**

Defendant moves to dismiss Plaintiff's state law claims in Count Three for lack of subject-matter jurisdiction, arguing that the FTCA provides the exclusive remedy against the United States. (Doc. 39 at 1.)

**A.     Governing Standard**

"The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000) (citing *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995)). Under the FTCA, the United States may be held civilly liable for the torts of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. To state a claim under the FTCA, a plaintiff "must show the government's actions, if committed by a private party, would constitute a tort" under state law. *Love v. United States*, 60 F.3d 642, 644 (9th Cir. 1995); 28 U.S.C. § 1346(b) (a plaintiff must allege that the United States "would be liable to the claimant" as "a private person" "in accordance with the law of the place where the act or omission occurred"). In other words, a plaintiff must allege a state law tort claim. *F.D.I.C. v. Meyer*, 510 U.S. 471, 445, 477-78 (1994).

The remedy under the FTCA against the United States for the negligent or wrongful act or omission of a government employee acting within the scope of their office or employment is generally "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee . . . ." 28 U.S.C. § 2679(b)(1). The FTCA only excepts federal constitutional and statutory claims from the exclusivity requirement of § 2679(b)(1). 28 U.S.C. § 2679(b)(2). Thus, the FTCA is the "exclusive mode of remedy for the tort of a Government employee even when the FTCA itself precludes Government liability." *United States v. Smith*, 499 U.S. 160, 166 (1991); *see also M.J. ex rel. Beebe v. United States*, 721 F.3d 1079, 1084 (9th Cir. 2013) ("[I]f a claim is properly against the United States under the FTCA, the FTCA becomes the sole remedy and the individual tortfeasor is immunized from liability."); *Schmidt v. United*

*States*, 2:09-cv-0660-LKK GGH PS, 2013 WL 5492311, at *4 (E.D. Cal. Oct. 2, 2013) (noting that the FTCA is the "exclusive remedy for various state law claims against actions by law enforcement officers of the U.S. government") (citing 28 U.S.C. §§ 2679(b)(1) and 2680(h)); *F.D.I.C. v. Craft*, 157 F.3d 697 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.").

### B. Discussion

Defendant argues that because the United States is the sole Defendant in this action, Plaintiff's state law claims are barred by sovereign immunity and, in any event, are duplicative of her FTCA claim, and the Court should therefore decline to exercise supplemental jurisdiction over the state law claims. (Doc. 39 at 6.) Plaintiff responds that because 28 U.S.C. § 2679(b) immunizes an individual federal employee from state law claims, "the FTCA requires they be pursued against the United States for the state law violations of its employees." (Doc. 46 at 2.) Plaintiff contends that the "United States is to stand trial and face liability in [its employees'] place." (*Id.*)

Plaintiff does not dispute that the United States is the sole Defendant with respect to Count Three or that the Court has already determined that Plaintiff has stated an FTCA claim in Count Three, for which the United States may be liable for the state law tort claims asserted in Count Three. The Court therefore agrees with Defendant that Plaintiff's separate state law tort claims for damages are barred by 28 U.S.C. § 2679(b)(1), which provides the exclusive remedy for Plaintiff's claim for monetary damages, and the Court will grant Defendant's Motion to Dismiss and dismiss Plaintiff's separate state law claims for assault, battery, negligence, and IIED.

### III. Motion for Summary Judgment

In this Motion, Defendant moves for summary judgment on Plaintiff's FTCA claim based on failure to administratively exhaust her tort claim. (Doc. 42.)

. . . .

. . . .

### A. Legal Standard

Before a plaintiff can file an FTCA action in federal court, she must exhaust administrative remedies for her claim by filing an administrative claim with the appropriate federal agency. *See* 28 U.S.C. § 2675(a)[3]; *see also Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) ("The Act allows claimants to sue the government in district court provided that they first give the appropriate federal agency the opportunity to resolve the claim."). "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form [SF] 95 or other notification of an incident . . . ." 28 C.F.R. § 14.2(a). A claimant has two years from the date the claim accrues to present it to the agency, and the claimant must "file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Cadwalder v. United States*, 45 F.3d 297, 301 (9th Cir. 1995) (internal quotation and citation omitted).

"An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing . . . . The FTCA's exhaustion requirement is jurisdictional and may not be waived." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). Courts strictly construe the exhaustion requirement because "[s]overeign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity."

---

[3] Section 2675(a) provides, in part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

*Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250-1251 (9th Cir. 2006). "[Courts] have repeatedly held that the exhaustion requirement [of the FTCA] is jurisdictional in nature and must be interpreted strictly . . . . Any such waiver must be strictly construed in favor of the United States." *Id.*

**B.   Facts**

On August 12, 2019, Plaintiff filed an SF-95 administrative tort claim in which she reported that she had been assaulted by another prisoner on July 12, 2019. (Doc. 43 (Def.'s Statement of Facts) ¶ 3.) Plaintiff stated the following in her SF-95:

> On 6-30-2019 I was cell rotated into cell 140 on B-Range in USP Tucson. The cell was not equipped with a duress alarm. Multiple requests to fix the alarm were not acted upon by staff. On 7-12-19 my cellmate attempted to sexually assault me and brutally beat me with closed fists and feet. As a result of no duress alarm I was helpless to summon staff assistance. I sustained serious injuries and was hospitalized. Upon return from the hospital I wasn't examined by a doctor nor provided the pain medication prescribed by the hospital medical provider.

(Doc. 43-2 at 2.) Plaintiff listed her injuries as a broken nose, bruising, concussion, severe pain, anxiety, suicidal thoughts, depression, and mental and emotional trauma. (*Id.*) Plaintiff listed 13 names as witnesses including "Lt. Falconer, Lt. Lake, Nurse Avilez, [and] SIS Espinoza."[4] (*Id.*) Plaintiff sought $299,999.00 for personal injury. (*Id.*)

The BOP denied the claim nearly a year later—on July 31, 2020—stating in a letter that its investigation "fail[ed] to disclose any evidence of negligence or other conduct for which the United States is liable" and that Plaintiff had failed to establish that her loss or personal injury was "a result of staff negligence in this matter." (Doc. 43-3 at 2.)

**C.   Discussion**

Defendant argues that Plaintiff did not administratively exhaust her FTCA claim because the SF-95 she submitted differs substantively from the claim in Count Three.

---

[4] Plaintiff states in her Response that 9 of the witnesses listed in her SF-95 are prisoners and 4 are staff members. (Doc. 48 at 5.)

- 6 -

1  (Doc. 42 at 1.) Defendant contends that unlike the allegations in Count Three, Plaintiff's
2  SF-95 named no BOP employees; did not identify any harassment, name calling, or
3  action/inaction by any particular BOP officer; did not mention any threats by the cellmate;
4  and did not mention that Plaintiff passed notes or requested assistance in response to any
5  threats. (*Id*. at 5.) Defendant argues that Plaintiff's SF-95 suggests the attack came out of
6  the blue and places blame only on the alleged lack of a duress alarm. (*Id*.) As such,
7  Defendant argues that the SF-95 was insufficient to enable the agency to begin its own
8  investigation into the allegations that appear in Count Three and there is a question whether
9  the SF-95 and the Complaint allegations even involve the same event. (*Id*. at 5-6.)

10  Defendant's arguments are without merit. First, it is clear that the SF-95 is
11  describing the same attack on or about July 12, 2019 that Plaintiff describes in her First
12  Amended Complaint. Second, there is no dispute that Plaintiff filed a timely notice of
13  claim with the BOP or that the BOP denied Plaintiff's claim. There is also no dispute that
14  Plaintiff presented a sum certain for settlement of her claim and sufficiently described her
15  injuries. The issue is what level of detail Plaintiff was required to provide in her SF-95 so
16  that the BOP could investigate and resolve the claim.

17  The Court finds that Plaintiff's SF-95 met the requirements of § 2675(a) by
18  providing a written statement sufficiently describing her injuries to enable the BOP to begin
19  its own investigation and providing a sum certain damages claim. *See Cadwalder*, 45 F.3d
20  at 301. *Cadwalder*—which Defendant cites in its Motion as the standard for the
21  information required in an FTCA notice of claim—requires only a sufficient written
22  description of the injury and a sum certain damages amount. Defendant has not cited any
23  cases holding that a claimant must include any further information about the events leading
24  up to the injury. Nor is there any evidence that the BOP, in its year-long investigation of
25  Plaintiff's SF-95, requested further information from Plaintiff about the events leading up
26  to her injury or that they interviewed Plaintiff or her witnesses in order to obtain more
27  information about what happened prior to the attack. *See, e.g., Bernard v. Calejo*, 17 F.
28  Supp. 2d 1311, 1315 (S.D. Fla. 1998) ("In concluding that Plaintiff's tort claims are not

barred, the Court finds significant the lack of any evidence that the government followed up on Plaintiff's letter to the INS by sending him a Standard Form 95 "Claim for Damage or Injury" or otherwise informing him that further information was required."). Because Plaintiff's SF-95 met the requirements of § 2675(a), her FTCA claim is not barred, and the Court will deny Defendant's Motion for Summary Judgment.[5]

**IT IS ORDERED**:

(1)  Defendant's Motion to Dismiss Plaintiff's State Law Claims (Doc. 39) is **granted**, and the state law claims in Count Three are **dismissed**.

(2)  Defendant's Motion for Summary Judgment Regarding Failure to Exhaust Administrative Remedies (Doc. 42) is **denied**.

(3)  Plaintiff's Motion for Limited Discovery and Supplemental Briefing (Doc. 51) is **denied as moot**.

(4)  The remaining claim in this action is Plaintiff's FTCA claim against Defendant United States in Count Three.[6]

Dated this 23rd day of July, 2021.

_____
Honorable Rosemary Márquez
United States District Judge

---

[5] Because the Court is denying Defendant's Motion for Summary Judgment, the Court will deny as moot Plaintiff's Motion for Limited Discovery on the issue of exhaustion.

[6] The Court will address its stay of the scheduling deadlines (Doc. 49) by separate Order.