**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00422-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States, | |
| Defendant. | |

Plaintiff Jeremy Pinson filed a Complaint on August 26, 2019 (Doc. 1) and a First Amended Complaint ("FAC") on April 27, 2020 (Doc. 22). In screening the FAC pursuant to 28 U.S.C. § 1915A, the Court found that Plaintiff had stated an Eighth Amendment threat-to-safety claim against Defendants Karlan, Shaw, Coyle, Villareal, Schneider, Dukett, and Shields in Count Two and a Federal Tort Claims Act ("FTCA") claim against the United States in Count Three. (Doc. 21.) The Court directed these Defendants to answer, and further directed the United States to address Plaintiff's state-law claims and whether the Court should exercise supplemental jurisdiction over those claims. (*Id.*) Plaintiff subsequently voluntarily dismissed Defendants Karlan, Shaw, Coyle, Villareal, Schneider, Dukett, and Shields. (Doc. 24.)

On February 24, 2021, Defendant United States filed an Answer to the FAC (Doc. 38) and a Motion to Dismiss State-Law Claims (Doc. 39). On March 2, 2021, Defendant filed a Motion for Summary Judgment Regarding Failure to Exhaust Administrative Remedies (Doc. 42) and sought a stay of the proceedings pending resolution of that

Motion (Doc. 44). The Court granted Defendant's requested stay. (Doc. 49.) On July 23, 2021, the Court denied Defendant's Motion for Summary Judgment Regarding Failure to Exhaust Administrative Remedies but granted Defendant's Motion to Dismiss State-Law Claims, leaving the FTCA claim asserted against Defendant United States as the only remaining claim in this action. (Doc. 53.) On July 29, 2021, the Court lifted the previously imposed stay and issued a revised schedule for further proceedings. (Doc. 54.)

On August 16, 2021, attorney Katherine Foss filed a Notice of Substitution Within the U.S. Attorney's Office. (Doc. 55.) The Notice states that attorney Katherine Foss is substituting in place of attorney Erica McCallum as counsel of record "for Respondent Barbara Blanckensee." (Doc. 55.) Blanckensee was named as a defendant in Plaintiff's original Complaint (Doc. 1), but the Court dismissed her on screening under 28 U.S.C. § 1915A (Doc. 7), and she is not named as a defendant in Plaintiff's FAC (Doc. 22). As discussed above, the only claim remaining in this action is Plaintiff's FTCA claim asserted against Defendant United States.

On September 9, 2021, attorney Katherine Foss filed a second Motion to Stay, purportedly on behalf of former defendant Blanckensee. (Doc. 56.)[1] In the Motion, Defendant asks the Court to stay the remaining deadlines in this case until Defendant files a discretionary function exemption motion. (*Id.*) Plaintiff responded in opposition, arguing that this case was already stayed once and that Defendant has offered no reason why the discretionary function exemption motion could not have been included in its previous dispositive motion. (Doc. 57.) Plaintiff further argues that discovery is necessary to determine whether the discretionary function exemption applies. (*Id.*) In reply, Defendant argues that the prior summary judgment motion was dedicated to the threshold issue of exhaustion. (Doc. 58 at 1.) Defendant further argues that the discretionary function exception is a jurisdictional issue under Federal Rule of Civil

---

[1] Blanckensee is named as the defendant in the caption of the Motion. (Doc. 56.) However, the United States is named as the defendant in the caption of the Reply. (Doc. 58.)

Procedure 12(b)(1) that can be raised at any time. (*Id.*) Finally, Defendant argues that if Plaintiff needs specific discovery as to the discretionary function exception, Plaintiff may seek relief in response to the anticipated discretionary function exception motion. (*Id.* at 1-2.)

As an initial matter, Blanckensee is no longer a defendant in this matter. The United States is the only remaining defendant. It is unclear, based on the Notice of Substitution filed on August 16, 2021, whether attorney Katherine Foss has replaced attorney Erica McCallum as counsel of record for Defendant United States. If attorney Katherine Foss has replaced attorney Erica McCallum as counsel of record for Defendant United States, she shall file an amended Notice of Substitution. *See* LRCiv 83.3(b)(4).

Turning to the merits of Defendant's second Motion to Stay, the Court notes that Defendant fails to state when it anticipates filing a dispositive motion addressing the discretionary function exception, nor does Defendant explain why it failed to file such a motion earlier in these proceedings. Defendant notes that administrative exhaustion is a threshold issue, but that does not adequately explain Defendant's delay, particularly given that Defendant argues the discretionary function exception is also a threshold issue that should be decided before discovery on the merits. This case has been pending for over two years and is still in its early stages. An additional stay would cause even more delay. Given Defendant's failure to explain its delay in raising the discretionary function exemption, the Court will deny Defendant's second Motion to Stay.

**IT IS ORDERED** that Defendant's second Motion to Stay (Doc. 56) is **denied**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that, if attorney Katherine Foss has replaced attorney Erica McCallum as counsel of record for Defendant United States, Ms. Foss shall file an amended Notice of Substitution.

Dated this 5th day of October, 2021.

_____
Honorable Rosemary Márquez
United States District Judge