**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00422-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States, | |
| Defendant. | |

Pending before the Court is Plaintiff Jeremy Pinson's pro se Motion to Take Judicial Notice. (Doc. 81.)¹ In the Motion, Plaintiff asks the Court to take judicial notice of victim impact statements in *United States v. Jemine*, a case that Plaintiff avers she quoted in her Response to Defendant's pending Motion to Dismiss/Motion for Summary Judgment. (*Id.*) Plaintiff attaches to the Motion to Take Judicial Notice a cover sheet for the case *United States v. Jemine*, 555 Fed. App'x 624 (7th Cir. Feb. 20, 2014), along with a summary of victim impact statements related to charges that were not at issue in *United States v. Jemine*, 555 Fed. App'x 624.

In her Response to Defendant's Motion to Dismiss/Motion for Summary Judgment, Plaintiff refers to a victim impact statement of a Bureau of Prisons staff member in *United States v. Jemine* (D. Ariz.). (Doc. 79 at 7.) The charges discussed in the summary of the victim impact statements that Plaintiff attaches to her Motion to Take Judicial Notice appear to coincide with those at issue in *United States v. Jemine*, No.

---

¹ Other pending Motions will be resolved separately.

4:21-mj-01563-LCK (D. Ariz.), a case that was transferred to the Northern District of Illinois, *United States v. Jemine*, No. 1:21-cr-00374-1 (N.D. Ill.). The Sentencing Memorandum filed by the Government in *United States v. Jemine*, No. 1:21-cr-00374-1 (N.D. Ill. Dec. 17, 2021) discusses victim impact statements, and that discussion appears to coincide with, but is not identical to, the summary of victim impact statements attached to Plaintiff's Motion to Take Judicial Notice.

A court may take judicial notice of "a fact that is not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of the fact of a court proceeding or filing as an undisputed matter of public record; however, a court may not take judicial notice of facts subject to reasonable dispute that are stated within court proceedings or filings. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). If "a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein" but only "for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Id.* at 690 (internal quotation marks omitted).

This Court could take judicial notice of the fact of the filing of victim impact statements in a criminal case, but it is not entirely clear which case Plaintiff is referencing, and Plaintiff appears to be asking this Court to take judicial notice not of the fact of the filing of the victim impact statements but of facts contained within those statements. Even if Plaintiff had attached the actual victim impact statements at issue rather than a summary of unknown origin, it is not appropriate for this Court to take judicial notice of facts asserted within those victim impact statements, as such facts are subject to reasonable dispute.

Accordingly,

. . . .

. . . .

**IT IS ORDERED** that Plaintiff's Motion to Take Judicial Notice (Doc. 81) is **denied**.

Dated this 29th day of July, 2022.

_____
Honorable Rosemary Márquez
United States District Judge