**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00422-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| J. Dukett, et al., | |
| Defendants. | |

The Court ordered Plaintiff to submit any supplemental materials in support of her Response to Defendant's Motion to Dismiss/Motion for Summary Judgment on or before September 5, 2022. (Doc. 103.) On September 12, 2022, Plaintiff filed a Supplemental Response containing three attached exhibits. (Doc. 109.)[1] Plaintiff also embedded in the Supplemental Response a renewed request to file a discovery motion regarding the parties' dispute concerning production of Program Statement ("PS") 1380.05. (*Id.*) Plaintiff previously filed a Motion for Leave to File a Discovery Motion regarding that discovery dispute (Doc. 74), and the Court denied the Motion with leave to re-file after the parties had engaged in further consultation (Doc. 82).

The re-opened discovery period in this case ended on July 19, 2022. (Doc. 86.) Because Plaintiff renewed her request to file a discovery dispute motion after the close of

---

[1] The Certificate of Service on the Supplemental Response indicates Plaintiff placed the Supplemental Response in the mail on August 2, 2022. (Doc. 109 at 2.) It is unclear whether Plaintiff intended to state that she placed the Supplemental Response in the mail on September 2, 2022. In any case, the Court will consider the Supplemental Response to be timely.

discovery and after Defendant had moved for summary judgment, the Court construes Plaintiff's request under Federal Rule of Civil Procedure 56(d). *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.")

Federal Rule of Civil Procedure 56(d) allows a district court to defer considering a summary judgment motion and allow time to take additional discovery if the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." A party invoking Rule 56(d) must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *California ex rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). If the party fails to meet these requirements, the district court may properly deny further discovery and proceed to summary judgment. *See id.*

Plaintiff does not specify in her Supplemental Response the specific facts that she hopes to elicit from PS 1380.05, nor has she shown that such facts are essential to resist Defendant's Motion to Dismiss/Motion for Summary Judgment. (*See* Doc. 109.) Even if the Court were to consider Plaintiff's prior Motion for Leave to File a Discovery Motion as a Rule 56(d) affidavit, Plaintiff still has not met the standard for obtaining Rule 56(d) relief. The Motion does not explain why PS 1380.05 is relevant and necessary to Plaintiff's ability to oppose summary judgment (*see* Doc. 74), and Plaintiff's Response to Defendant's Motion to Dismiss/Motion for Summary Judgment does not mention PS 1380.05 (*see* Doc. 79).

Because Plaintiff has not shown that PS 1380.05 is essential to justify her opposition to Defendant's Motion to Dismiss/Motion for Summary Judgment, the Court will deny her renewed request to file a discovery motion regarding production of PS 1380.05.

**IT IS ORDERED** that Plaintiff's renewed request to file a discovery motion—which is embedded in Plaintiff's Supplemental Response (Doc. 109)—is **denied**.

Dated this 23rd day of September, 2022.

_____
Honorable Rosemary Márquez
United States District Judge