**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00422-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States, | |
| Defendant. | |

On September 23, 2022, the Court denied Plaintiff's renewed request to file a discovery motion—a request that Plaintiff had embedded into her Supplemental Response to Defendant's Motion to Dismiss/Motion for Summary Judgment. (Doc. 114; *see also* Doc. 109). The Court found that Plaintiff had not identified the facts she hoped to elicit from the further discovery she sought, nor had she shown that such facts were essential to her ability to resist Defendant's then-pending Motion to Dismiss/Motion for Summary Judgment. (Doc. 114.)

On September 30, 2022, the Court partially granted and partially denied Defendant's Motion to Dismiss/Motion for Summary Judgment. (Doc. 117.) The Court rejected Defendant's argument that the discretionary function exception to the Federal Tort Claims Act rendered Defendant immune from suit on Plaintiff's claim that prison officials did not address her reports that her cellmate was threatening to rape her. (*Id.* at 17-20.) The Court also found that material factual questions precluded summary judgment on that claim. (*Id.* at 20-26.)

Currently pending before the Court is Plaintiff's Motion for Reconsideration, in which Plaintiff asks the Court to reconsider its September 23, 2022 Order denying her renewed request to file a discovery motion. (Doc. 119.)[1] Plaintiff avers that counsel was appointed in this case to resolve discovery disputes concerning production of "Post Orders in SHU" and "the BOP SIS Manual," that appointed counsel did not resolve those disputes, and that Plaintiff never agreed to forego her desire to pursue the Post Orders and SIS Manual. (*Id.*)

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."  LRCiv 7.2(g)(1). Plaintiff has not established that this Court manifestly erred in its September 23, 2022 Order, nor has Plaintiff made a showing of any new facts or legal authority that would justify reconsideration of the Order.  Plaintiff still has not shown that the discovery she seeks was essential to justify her opposition to Defendant's Motion to Dismiss/Motion for Summary Judgment.  As discussed above, the Court has already resolved Defendant's Motion to Dismiss/Motion for Summary Judgment and has denied summary judgment to Defendant on Plaintiff's claim that prison officials did not address her reports that her cellmate was threatening to rape her.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 119) is **denied**.

Dated this 14th day of November, 2022.

_____
Honorable Rosemary Márquez
United States District Judge

---

[1] Pursuant to LRCiv 7.2(g)(2), "[n]o response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court."  The Court declines to order a response to the pending Motion.