**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00422-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| J. Dukett, et al., | |
| Defendants. | |

Plaintiff Jeremy Pinson, who is currently confined in the United States Penitentiary-Tucson ("USP-Tucson"), brought this pro se civil rights action on August 26, 2019. (Doc. 1.) The sole remaining claim in the action is a claim under the Federal Tort Claims Act ("FTCA") alleging that prison officials did not address Plaintiff's reports that her cellmate was threatening to rape her. (*See* Doc. 117.) After denying summary judgment with respect to that claim (*id.*), the Court referred this matter to Magistrate Judge Leslie A. Bowman for the limited purpose of conducting a settlement conference (Doc. 118). The settlement conference has not yet been set.

Currently pending before the Court is Plaintiff's Emergency Motion for Preliminary Injunction, Appointment of Counsel and for Sanctions ("Motion for Preliminary Injunction") (Doc. 122; *see also* Doc. 123), Motion to Supplement[,] for Evidentiary Hearing and to Take Judicial Notice ("Motion to Supplement") (Doc. 127), Motion for Writ of Habeas Corpus Ad Prosequendum and Appointment of Counsel ("Motion for Writ") (Doc. 128), Motion for Access to Identity of Witnesses (Doc. 129),

Motion to Vacate Settlement Conference (Doc. 130), and Motion for Issuance of Subpoenas (Doc. 134).  Defendant responded (Docs. 126, 133, 140, 141, 142, 143), and Plaintiff replied (Docs. 144, 145).  With permission, Defendant also filed a Sur-Reply. (Doc. 149.)

### I.       Motion for Preliminary Injunction (Doc. 122)

In her Motion for Preliminary Injunction, Plaintiff avers that she was given a retaliatory incident report for informing a USP-Tucson staff member of the summary judgment ruling in this case and of her intent to continue suing prison staff.  (Doc. 122 at 1-2; Doc. 122-1 at 1-2.)  Plaintiff asks the Court to take judicial notice of prior lawsuits alleging retaliation by USP-Tucson staff.   (Doc. 122 at 2-3.)    She also seeks an injunction enjoining the United States and its employees from prosecuting the incident report and from continuing to house Plaintiff in the Special Housing Unit ("SHU").  (*Id.* at 7.)[1]

Defendant avers that Plaintiff is being held in the SHU for reasons unrelated to the matters alleged in her Motion and that the incident report discussed in the Motion has been expunged.  (Doc. 126 at 1, 4-5.)  Defendant argues that the relief requested in Plaintiff's Motion is beyond the scope of her pleading in this action, that injunctive relief is unavailable under the FTCA, and that Plaintiff failed to exhaust administrative remedies.  (*Id.* at 1-4.)  Defendant also argues that Plaintiff has not satisfied the requisite elements for obtaining injunctive relief.  (*Id.* at 1-2, 5-7.)

Plaintiff's request for injunctive relief is moot as it relates to the disciplinary report discussed in her Motion, as that disciplinary report has already been expunged. (Doc. 126-1 at 7, 42.)  In addition, the factual allegations in Plaintiff's Motion implicate a new, apparently unexhausted claim that is beyond the scope of the sole remaining claim in this action.  Plaintiff's requests for injunctive relief and judicial notice relate to that new, unpled claim rather than the claim at issue in this case.  Furthermore, the sole claim

---

[1] To the extent this Motion requests the appointment of counsel, the Court addresses that request in the context of Plaintiff's Motion for Writ, which also contains a request for appointment of counsel.

1    remaining in this case is an FTCA claim for which the only available relief is money

2    damages rather than injunctive relief.  *See Westbay Steel, Inc. v. United States*, 970 F.2d

3    648, 651 (9th Cir. 1992).  Accordingly, Plaintiff's Motion for Preliminary Injunction will

4    be denied.

5    **II.      Motion to Supplement (Doc. 127)**

6            In her Motion to Supplement, Plaintiff asks the Court to hold an evidentiary

7    hearing on her Motion for Preliminary Injunction and to allow her to supplement that

8    Motion with additional exhibits and testimony.  (Doc. 127.)   None of the proposed

9    exhibits or testimony alter the Court's conclusion that Plaintiff is not entitled to the relief

10   requested in her Motion for Preliminary Injunction.  Accordingly, Plaintiff's Motion to

11   Supplement will be denied.

12   **III.     Motion to Vacate Settlement Conference (Doc. 130)**

13          Plaintiff asks the Court to vacate its Order referring this case for a settlement

14   conference and to instead "proceed to trial without further delays."  (Doc. 130 at 3.)

15   Plaintiff avers that there is no point in holding a settlement conference because Defendant

16   "is not willing to settle this case on reasonable terms."  (*Id.* at 1.)  Defendant agrees that

17   settlement discussions are unlikely to "yield a mutually agreeable resolution in this

18   matter" and accordingly does not oppose Plaintiff's Motion to Vacate Settlement

19   Conference.  (Doc. 143.)  Defendant asks the Court to allow the parties additional time to

20   file a Joint Proposed Pretrial Order, as defense counsel recently took over this matter and

21   needs time to get up to speed.  (*Id.*)

22          Because both parties agree that a settlement conference would not be useful, the

23   Court will vacate its October 3, 2022 Order (Doc. 118) referring this case to Magistrate

24   Judge Bowman for a settlement conference.  The Court will allow the parties 45 days to

25   prepare and file a Joint Proposed Pretrial Order.

26   **IV.     Motions Concerning Trial Witnesses (Docs. 128, 129, 134)**

27          In her Motion for Writ, Plaintiff asks the Court to issue a writ under 28 U.S.C. §

28   2241(c) to transport her to the courtroom for trial and to secure the presence of various

trial witnesses.  (Doc. 128.)   Plaintiff also asks the Court to appoint counsel due to "serious barriers to her receiving a fair trial" in this matter.  (*Id.* at 14.)  In her Motion for Access to Identity of Witnesses, Plaintiff requests the identification of four Bureau of Prisons staff members who submitted victim impact statements in a criminal case filed in the Eastern Division of the Northern District of Illinois, *United States v. Jemine*, No. 21-CR-374, so that Plaintiff can call the victims as trial witnesses in this matter.  (Doc. 129.)  In her Motion for Issuance of Subpoenas, Plaintiff requests blank subpoena forms and asks the Court to authorize service of subpoenas on specified trial witnesses and document custodians.  (Doc. 134.)   She also reiterates her request for appointment of counsel and asks the Court to allow her to identify certain trial witnesses under seal and *ex parte*.  (*Id.*)

In response to these Motions, Defendant argues: (1) that Plaintiff's right to testify and participate in this civil trial can be satisfied via videoconferencing and that Plaintiff has failed to show that a writ of habeas corpus ad testificandum should issue to secure her physical presence at trial; (2) that Plaintiff has failed to show that a writ of habeas corpus ad testificandum should issue as to any of the identified incarcerated witnesses and that such a writ does not apply to Bureau of Prisons staff or other non-incarcerated witnesses; (3) that Plaintiff is not entitled to the appointment of counsel; (4) that Plaintiff's request for the identification of witnesses is untimely, is not relevant and proportional to the needs of the case, and implicates victims' privacy rights; (5) that Plaintiff failed to comply with this Court's discovery dispute procedures with respect to her request for the identification of witnesses; (6) that Plaintiff failed to timely disclose witnesses during discovery in this case; and (7) that the witness testimony Plaintiff seeks to introduce at trial is irrelevant.  (Docs. 140, 141, 142.)

In reply, Plaintiff argues that the testimony of the witnesses at issue is relevant and crucial to a fair trial.  (Docs. 144, 145.)  She also avers that she mailed defense counsel a witness list during discovery in this case, and she blames her lack of counsel and Defendant for her failure to discover the identity of certain witnesses before the close of

- 4 -

discovery.  (Doc. 145.)  With leave of Court, Defendant filed a Sur-Reply in which Defendant avers that the witness list referenced by Plaintiff was sent in a different case rather than the above-captioned case.  (Doc. 149.)  Plaintiff disputes that the witness list was sent in a different case and indicates she has now re-sent the list to defense counsel. (Docs. 150, 151.)

## A.  Request for Identification of Witnesses

The original discovery period in this case closed on January 24, 2022 (Doc. 62), and the re-opened discovery period closed on July 19, 2022 (Doc. 86).  There is no indication in the record that Plaintiff made any discovery requests to obtain information from Defendant concerning the identities of the victims in *Jemine*.  There is also no indication that Defendant intends to use any information from those victims to support its defenses in this case, and thus Defendant was under no obligation to disclose the victims' identities pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).[2]

Because Plaintiff failed to timely seek the identities of the *Jemine* victims during discovery, and she has failed to show why discovery should be re-opened to allow her to seek the victim's identities, her Motion for Access to Identity of Witnesses will be denied.

## B.  Request to Identify Witnesses Under Seal and *Ex Parte*

Plaintiff seeks to disclose USP-Tucson inmates as witnesses but opines that the witnesses "may not wish for their identities to be identified on a public docket" and indicates that disclosing the witnesses to defense counsel may subject the witnesses to retaliation by USP-Tucson staff.  (Doc. 134 at 9-10.)  Accordingly, Plaintiff asks the Court to "appoint counsel to help identify" the witnesses "under seal and ex parte."  (*Id.* at 10.)

"Historically, courts have recognized a 'general right to inspect and copy public

---

[2] Federal Rule of Civil Procedure 26(a)(1)(A) states that "a party must, without awaiting a discovery request, provide to the other parties . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

records and documents, including judicial records and documents."' *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n. 7 (1978)).  If a record is not one traditionally kept secret, then a strong presumption in favor of access exists.  *Id.*  A party seeking to seal a judicial record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Compelling reasons exist to seal judicial records if there is a substantial probability that unsealing them would place individuals in danger. *See In re Copley Press, Inc*., 518 F.3d 1022, 1029 (9th Cir. 2008) (finding district court clearly erred in unsealing documents where there was a substantial probability doing so would endanger lives).  However, evidentiary support is required to demonstrate a substantial probability of endangerment.  *See Kamakana*, 447 F.3d at 1182 (finding magistrate judge did not abuse discretion in declining to seal documents where declaration made only conclusory offerings that production of the documents would endanger informant lives).

Plaintiff has not adequately supported her request to seal the identities of the inmate witnesses referenced in her Motion for Issuance of Subpoenas.  She has also failed to adequately support her request to disclose the witnesses' identities *ex parte*, and allowing her to do so would prejudice Defendant by preventing Defendant from moving in limine to preclude the witnesses' testimony and/or preparing for the witnesses' trial testimony.  Accordingly, Plaintiff's request to disclose witness identities *ex parte* and under seal will be denied.

### C.  Requests to Secure Presence of Trial Witnesses

The Court finds Plaintiff's requests premature to the extent they ask the Court to issue subpoenas or writs of habeas corpus ad testificandum to secure trial witness testimony.  The deadline for filing a Joint Proposed Pretrial Order has not yet expired. The parties will be required to list their trial witnesses in their Joint Proposed Pretrial Order.  (*See* Doc. 41.)  Once the Joint Proposed Pretrial Order is filed, the Court will set a

pretrial conference and establish a briefing schedule for motions in limine.  Defendant will then have the opportunity to move in limine to preclude any witnesses listed by Plaintiff in the Joint Proposed Pretrial Order whom Defendant believes cannot offer relevant and admissible testimony, were not properly disclosed, or are otherwise precluded.  Once motions in limine have been resolved, the Court will entertain any disputes concerning subpoenas of trial witnesses or the issuance of writs of habeas corpus ad testificandum to secure witness testimony.

### D. Remaining Requests Taken Under Advisement

Plaintiff's Motion for Writ of Habeas Corpus Ad Prosequendum will be taken under advisement to the extent Plaintiff requests the appointment of counsel and to the extent she asks the Court to issue a writ of habeas corpus to secure her physical presence at trial.

**IT IS ORDERED** that Plaintiff's Emergency Motion for Preliminary Injunction, Appointment of Counsel and for Sanctions (Doc. 122) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement[,] for Evidentiary Hearing and to Take Judicial Notice (Doc. 127) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Writ of Habeas Corpus Ad Prosequendum (Doc. 128) is **partially denied without prejudice as premature and partially taken under advisement**.  The Motion is **denied without prejudice as premature** to the extent it seeks issuance of a writ to secure the physical presence of trial witnesses.  The Motion is **taken under advisement** to the extent it seeks the appointment of counsel and the issuance of a writ to secure Plaintiff's physical presence at trial.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Access to Identity of Witnesses (Doc. 129) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate Settlement Conference (Doc. 130) is **granted**.  The Court's October 3, 2022 Order referring this case to Magistrate Judge Leslie A. Bowman for the limited purpose of conducting a settlement conference (Doc. 118) is **vacated**.

1    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Issuance of Subpoenas

2    (Doc. 134) is **denied** to the extent Plaintiff seeks to disclose witness identities *ex parte*

3    and under seal.  The Motion is **denied without prejudice as premature** to the extent it

4    seeks the issuance of subpoenas for trial witnesses.

5    **IT IS FURTHER ORDERED** that the parties shall file a Joint Proposed Pretrial

6    Order within **forty-five (45) days** of the date this Order is filed.  The Court clarifies that

7    the filing of the Joint Proposed Pretrial Order will be deemed to satisfy the pretrial

8    disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) and therefore the

9    pretrial disclosure deadline under Federal Rule of Civil Procedure 26(a)(3) coincides with

10   the deadline for filing the Joint Proposed Pretrial Order.

11   Dated this 9th day of March, 2023.

12

13

14

15   _____

16   Honorable Rosemary Márquez
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28