GARY M. RESTAINO
United States Attorney
District of Arizona
MICHAEL L. LINTON
Assistant U.S. Attorney
Arizona State Bar No. 024729
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Michael.Linton@usdoj.gov
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | No. CV-19-422-TUC-RM<br><br>**MOTION IN LIMINE NO. 2: EVIDENCE OF OTHER INCIDENTS AND/OR PREA NONCOMPLIANCE** |

The United States, by and through undersigned counsel, hereby moves for an order in limine precluding Plaintiff from eliciting testimony and/or otherwise presenting evidence of other complaints and/or "noncompliance" with the Prison Rape Elimination Act, 34 U.S.C. § 30301, *et seq.* ("PREA") not related the events that are the subject of the above-entitled action. Such evidence is irrelevant and, even if relevant, would cause unfair prejudice, confuse the issues, cause undue delay, waste time and needlessly present cumulative evidence. Such evidence is inadmissible pursuant to Federal Rules of Evidence 402, 403, 404, and 405.

Specifically, Defendant moves in limine to preclude Plaintiff from calling the following witnesses, whom Plaintiff listed in her section of the Joint Pretrial Order for the sole purpose of testifying to PREA matters unrelated to this case:

1. Inmates Shaundelle Dial, Jerry Lee Lewis, Gary Lee Long, Nicholas Wilcox, MacArthur Latulas, Cody Jackson, Tori Jackson, Jason Gendron, Craig

Morgenstern, C. Dobbs, David Holland, Justin Gulisano, Charlie Bells, Woody Freedom, Ronnie Bostick, Montavis Middleton, Christopher Hunter, Rene Ellis, Jr., Jeffrey Cox, Jose Armendariz, Derek LeCompte, Daniel Cobb, Leslie Vanaman, Jesse Davenport, Larry Nassar, Matthew Muller, Christopher Lancaster, Michael Lynn Holmes, Kevin Bolton, Ronald Luczak, Andre McRae, Eric Gooch, Walter Garcia, Nathaniel Weibel, Shawn Rudy Knox

2. BOP Staff Barbara Von Blanckensee, SIA Randy Carbajal, Inspector General Michael Horowitz, Dr. James Hayden, and Dr. S. Johnson

3. Attorney Andrew Talai

4. PREA Auditor Pam Sonnen

Additionally, Defendant moves *in limine* to preclude Plaintiff from eliciting testimony from **any other witness**, including herself, regarding unrelated incidents, "PREA noncompliance" or retaliation by Officer Vasquez or any other BOP official on any other occasion other than the events that are the subject of the instant complaint.

I. **Background**

Plaintiff is an inmate housed in the United States Penitentiary in Tucson, Arizona ("USP Tucson"). In this Federal Tort Claims Action, Plaintiff alleges that on July 12, 2019, she communicated to Officer Vasquez that her cellmate was threatening her with physical and sexual harm, but Officer Vasquez did not separate her from her cellmate. (Doc. 22 at 5.) Plaintiff further alleges that later that evening, her cellmate physically attacked her and attempted to rape her. *Id.* Defendant denies Plaintiff communicated any such threats to Officer Vasquez prior to the altercation. (*See* Doc. 77-7 at ¶3.)

The parties agree that the following are material factual issues for trial: (1) whether Plaintiff communicated to Officer Vasquez that her cellmate had threatened her prior to the altercation, (2) whether Officer Vasquez breached his duty of care to take reasonable action to protect Plaintiff against unreasonable risk of harm, (3) whether Plaintiff sustained actual damages as a result of Officer Vasquez's acts or omission, and (4)

2

whether Plaintiff sustained damages of any kind. (Doc. 162 at 2-3)[1].

Officer Vasquez has declared that had Plaintiff informed him "that she felt unsafe in her cell or was being threatened by her cellmate," he would have communicated this to the Special Housing or Operations Lieutenant and would have separated the inmates (Doc. 77-7 at ¶3), which is consistent with 28 C.F.R. 115.61 and Program Statement 5324.12. (*See* Doc. 117 at 18-19.) The material factual question with respect to the breach of duty is, therefore, whether Officer Vasquez received threats of sexual harm in the hours prior to the altercation. (*See id.* at 23-24.)

Plaintiff intends to call 60 witnesses at trial, including herself[2], 14 Bureau of

---

[1] Plaintiff maintains that the following are material issues of fact: (1) whether staff at USP Tucson followed 28 C.F.R. Part 115, *et seq.*, (2) whether staff at USP Tucson followed the Program Statement on Sexually Abusive Behavior, (3) whether BOP staff, with regard to PREA allegations, had a custom and practice of requiring more than an inmate's testimony or word to sustain a PREA, (4) whether the DOJ Inspector General wrote a letter to BOP criticizing the manner and conclusions of BOP PREA investigations, and (5) whether the DOJ Inspector General wrote a letter to BOP criticizing the manner and conclusions of BOP PREA investigations. (Doc. 162 at 3-4.) Defendant contends that these issues are not material to this case. (*Id.*)

As detailed in the Court's Order granting in part and denying in part Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, the material factual issues for trial are "whether Defendant's employees breached their duty of care to Plaintiff, whether there is a causal connection between the breach and the resulting injury, and whether Plaintiff suffered actual damages." (Doc. 117 at 25.) The Court noted that for the purposes of the alternative Motion for Summary Judgment:

> [T]he Court must accept as true Plaintiff's averments that she made multiple reports to Officer Vasquez and others that her cellmate was threatening to rape her and she asked to be moved away from the cellmate, but she was not separate from her cellmate, and her cellmate attacked her. Defendant denies Plaintiff reported any threats and asserts that Plaintiff's story has changed over time. These differing versions present a credibility question which the Court may not resolve at summary judgment.

(Doc. 117 at 24.)

[2] Plaintiff disclosed that she would testify "to relevant events as a fact witness or statements before, during and after the incident with [her cellmate], her injuries." (Doc.

3

Prisons (Bureau) employees, and 45 other inmates. (Doc. 162). For the first time in her entries on the Joint Pretrial Statement, Plaintiff disclosed the purposes behind most of these witnesses' testimony is largely for purposes beyond the scope of the material issues in this case namely, to establish BOP staff's PREA noncompliance, specifically Officer Vasquez, in response to other PREA complaints unrelated to the July 12, 2019, event. Of the 45 BOP inmates she intends to call, 35 of them would be for no other purpose than to testify regarding BOP PREA noncompliance, Officer Vasquez's noncompliance on other occasions, and/or BOP retaliation in general, as well as two other inmates regarding these and other issues. (*See* Doc. 162 at 5-12.)[3][4] She also intends to call six former employees of the BOP and/or the Department of Justice solely regarding other PREA complaints and PREA noncompliance at USP Tucson, and two other BOP employees regarding these and other issues. (*Id.*)[5] Finally, she seeks to call an attorney, Andrew Talai, and a PREA

---

162 at 5.) This disclosure does not evidence an intent to testify regarding BOP PREA noncompliance.

[3] Plaintiff has not at any point in this litigation identified any other specific incidents of Officer Vasquez or any other BOP employee ignoring a PREA Complaint; her lack of disclosure of witnesses during the discovery process is the subject of another motion *in limine*.

[4] These witnesses include Inmates Shaundelle Dial, Jerry Lee Lewis, Gary Lee Long, Nicholas Wilcox, MacArthur Latulas, Cody Jackson, Tori Jackson, Jason Gendron, Craig Morgenstern, C. Dobbs, David Holland, Justin Gulisano, Charlie Bells, Woody Freedom, Ronnie Bostick, Montavis Middleton, Christopher Hunter, Rene Ellis, Jr., Jeffrey Cox, Jose Armendariz, Derek LeCompte, Daniel Cobb, Leslie Vanaman, Jesse Davenport, Larry Nassar, Matthew Muller, Christopher Lancaster, Michael Lynn Holmes, Kevin Bolton, Ronald Luczak, Andre McRae, Eric Gooch, Walter Garcia, Nathaniel Weibel, Shawn Rudy Knox. Inmate witnesses she intends to call on these and other issues include Guy Hanway and Anthony Bennett.

[5] These witnesses include former Warden Barbara von Blanckensee, Inspector General Michael Horowitz, SIA Randy Carbajal, Dr. James Hayden, LPN Jeffrey Williams, and Dr. S. Johnson. BOP employees she intends to call regarding these and other issues include Officer Miguel Vasquez and Officer Johnny Dukett.

4

1  Auditor, Pam Sonnen, regarding staff non-compliance with PREA. (*Id.*)

2  These witnesses and the testimony that Plaintiff intends to elicit from them is
3  irrelevant to the issues in this case and, even if relevant, would cause unfair prejudice,
4  confuse the issues, cause undue delay, waste time and needlessly present cumulative
5  evidence. In addition, such evidence is inadmissible under Rules 404 and 405.

6  **II.  These Witnesses and Testimony Are Not Relevant or Otherwise Admissible.**

7  Federal Rule of Evidence 402 provides: "Relevant evidence is admissible unless
8  any of the following provides otherwise: the United States Constitution; a federal statute;
9  these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not
10 admissible." Federal Rule of Evidence 401 defines relevant evidence as follows:
11 "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than
12 it would be without the evidence; and (b) the fact is of consequence in determining the
13 action." And Federal Rule of Evidence 403 provides that: "The court may exclude
14 relevant evidence if its probative value is substantially outweighed by a danger of one or
15 more of the following: unfair prejudice, confusing the issues, misleading the jury, undue
16 delay, wasting time, or needlessly presenting cumulative evidence." *See also Coloyan v.*
17 *Badua*, 256 F. App'x 958, 959 (9th Cir. 2007) (approving order *in limine* precluding
18 testimony as the police "code of silence" because it was not relevant and, even if relevant,
19 "its undue prejudice" and "likely consumption of time, outweighed its probative value.");
20 *Pinson v. Estrada*, No. 4:18-cv-00535-RM, Dkt. 61, p. 7 (D. Ariz. Dec. 17, 2019)
21 (requiring that "proposed witnesses possess first-hand knowledge" as to the relevant
22 issues).

23 Plaintiff is attempting to shift focus from whether she notified a USP Tucson
24 correctional officer about the threat of an attack – which she did not – to the experiences
25 of other inmates or Bureau staff who may have been victimized in Bureau institutions.
26 Instead of pursuing this suit over *her* alleged reporting, she is attempting to turn this into
27 a trial on what she characterizes as the Bureau's "culture." Accusations by other inmates
28 or other lawsuits filed by other inmates "fail to evidence Defendants' liability toward

Plaintiff." *Smith v. Adam,* No. C 10-4389-CW (PR), 2013 WL 1283478, *8 (N.D. Cal. Mar. 26, 2013).

None of this testimony would have any tendency to make a fact that is of consequence in determining the action more or less probable than it would be without the evidence. *See* Fed. R. Evi. 401. Plaintiff has not demonstrated or disclosed that any of these witnesses have personal knowledge regarding the July 12, 2019, altercation, the events leading up to the altercation, or Officer Vasquez's advance knowledge of threats to Plaintiff. The United States' factual defense is that Plaintiff did not report any threat to Officer Vasquez prior to the altercation. (*See* Doc. 77-7.) Officer Vasquez does not claim he was unaware of PREA policies or that PREA policies dictated a different course of action. (*Id.*) Defendant concedes that if Plaintiff had reported any threat to him, he would have separated the inmates and reported the threat up his chain of command. (*Id.* at ¶3) His knowledge of PREA protocol and whether he has complied with this protocol on other occasions is irrelevant and immaterial to whether Plaintiff's cellmate posed an unreasonable risk of harm to Plaintiff or Officer Vasquez's knowledge of the risk.

In arguing this issue in a similar motion, Plaintiff misapplied the Supreme Court's opinion in the Eighth Amendment *Bivens* matter, *Farmer v. Brennan* 511 U.S. 825 (1994), in claiming such evidence is relevant. *See* Doc. 144 at 7. In *Farmer*, a constitutional *Bivens* Eighth Amendment claim alleging deliberate indifference to a substantial risk of serious harm, the Supreme Court observed that actual knowledge of a substantial risk might be supported where that risk was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-***official being sued had been exposed to information concerning the risk*** and thus must have known about it…." *Farmer,* 511 U.S. at 842-43 (emphasis added). But in this negligence case, the risk at issue is of her cellmate's threatened assault, which she alleges she only became aware a matter of hours prior to the assault taking place. She alleges a breach because she communicated this risk to Officer Vasquez several times but that he did not separate her from her cellmate. In other words, the actions of Officer Vasquez, the

6

Department of Justice, the BOP, or USP Tucson are not the *risk of harm* at issue*;* the risk of harm was of being assaulted by her cellmate. It was for this reason that the claim survived summary judgment when challenged on discretionary function exemption grounds. *See* Doc. 117 ("[w]hen an agency learns that an inmate is subject to a substantial risk of imminent sexual abuse, it shall take immediate action to protect the inmate.") (citing BOP Program Statement 5324.12 as non-discretionary language warranting survival of the discretionary function exception). Plaintiff wants to bring in evidence of how she claims Officer Vasquez responded to prior risks to show that he acted in conformance thereof on this occasion, not to show that her cellmate posed a substantial risk of imminent sexual abuse. Officer Vasquez's alleged prior or subsequent noncompliance with PREA is irrelevant and immaterial to his knowledge that Plaintiff's cellmate would assault her on the date in question.

This evidence would cause unfair prejudice, confuse the issues, cause undue delay, waste time and needlessly present cumulative evidence. *See* Fed. R. Evid. 403. Even if tangentially relevant, it would cause unfair prejudice, confuse the issues, cause undue delay, waste time and needlessly present cumulative evidence. This is a simple case about whether Plaintiff reported threats to Officer Vasquez prior to the altercation taking place. Allowing dozens of inmates to testify regarding what they did or did not report to prison staff and the prison's response on earlier and subsequent occasions would result in the needless presentation of dozens of collateral mini trials, requiring each accusation to be rebutted with evidence about contemporaneous documentation, other eyewitnesses, and impeachment evidence. This would be a completely unnecessary drain on judicial resources in pursuit of irrelevant, immaterial, and collateral evidence.

**III.    These Witnesses and Testimony Are Inadmissible under Rules 404 and 405.**

Rather than establish knowledge of this specific risk, Plaintiff true purpose in presenting this evidence to show that Officer Vasquez acted in conformance with other past and subsequent acts and/or that he possesses a character trait for which he acted in conformance on this date. This is inadmissible character evidence prohibited under the

7

Rules of Evidence. Rule 404(a) expressly prohibits the introduction of evidence of a person's character or character trait "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Evidence of a crime, wrong, or other act is also inadmissible to prove a person's character to show that on a particular occasion the person acted in accordance with that character. Fed. R. Evid. 404(b). Nor can these be admissible as specific instances of conduct of a character trait because Officer Vasquez's character is not an essential element of a claim or defense. See Fed. R. Evid. 405(b).

Plaintiff cannot introduce prior or subsequent acts of reported rape threats or BOP staff's response, whether involving Officer Vasquez or otherwise, under any rule. Not only is the testimony and/or evidence inadmissible under the Rules discussed above, but the purported testimony was not timely disclosed, per another contemporaneously filed motion in limine.

**IV.   Certification**

Counsel certifies that he conferred with Plaintiff on August 9, 2023, and again on August 24, 2023, in a good faith effort to resolve the disputed evidentiary issues that are the subject of this motion in limine. The parties could not come to an agreement on the subject of this motion.

///
///
///
///
///
///
///
///

## V. Conclusion

Based on the foregoing, the United States respectfully requests that Plaintiff be precluded from calling the witnesses listed above and from eliciting any testimony from any other witness, including herself, or evidence regarding other PREA complaints, "non-compliance," or retaliation.

Respectfully submitted on this 1st day of September, 2023.

        GARY M. RESTAINO
        United States Attorney
        District of Arizona

By *s/ Michael L. Linton*
    MICHAEL L. LINTON
    Assistant U.S. Attorney
    *Attorneys for Defendant*
    *United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of Notice of Electronic Filing to the following, who is not a CM/ECF registrant:

Jeremy Pinson
Fed. Reg. No. # 16267-064
USP Tucson
P.O. Box 24550
Tucson AZ  85734
*Plaintiff*

*s/L. Conlisk*