GARY M. RESTAINO
United States Attorney
District of Arizona
MICHAEL L. LINTON
Assistant U.S. Attorney
Arizona State Bar No. 024729
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Michael.Linton@usdoj.gov
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | **No. CV-19-422-TUC-RM** |
| Plaintiff, | **DEFENDANT'S MOTION IN LIMINE NO. 3 – OPINION TESTIMONY** |
| v. | |
| United States of America, | |
| Defendant. | |

Pursuant to Fed. R. Evid. 701, the United States moves for an order in limine precluding Plaintiff from presenting undisclosed opinion testimony.  Plaintiff has not disclosed any expert reports pursuant to Fed. R. Civ. P. Rule 26(a)(B), and any opinions of treating care providers must be limited to those formed during the course and scope of their treatment.  Defendant also moves to preclude Plaintiff from testifying to or calling lay witnesses regarding matters calling for scientific, technical, or specialized knowledge – self-diagnosis; the symptoms, implications, and effects of psychological conditions; the adequacy of treatment; the cause of psychological conditions or those she alleges as her injuries; etc.

## I.      Plaintiff's Allegations

Plaintiff is an inmate housed in the United States Penitentiary in Tucson, Arizona ("USP Tucson"). In this Federal Tort Claims Action, Plaintiff alleges that on July 12, 2019, she communicated to Officer Vasquez that her cellmate was threatening her with

physical and sexual harm, but Officer Vasquez did not separate her from her cellmate. (Doc. 22 at 5.) Plaintiff further alleges that later that evening, her cellmate physically attacked her and attempted to rape her. *Id.* Defendant denies Plaintiff communicated any such threats to Officer Vasquez prior to the altercation. (*See* Doc. 77-7 at ¶3.)

The parties agree that the following are material factual issues for trial: (1) whether Plaintiff communicated to Officer Vasquez that her cellmate had threatened her prior to the altercation, (2) whether Officer Vasquez breached his duty of care to take reasonable action to protect Plaintiff against unreasonable risk of harm, (3) whether Plaintiff sustained actual damages as a result of Officer Vasquez's acts or omission, and (4) whether Plaintiff sustained damages of any kind. (Doc. 162 at 2-3.)

## II. Plaintiff Has Not Disclosed Expert Testimony As Required under Federal Rules of Procedure 26(a)(2)(B) and 26(a)(2)(C).

The Court should preclude any expert testimony elicited by Plaintiff from any expert (whether independently retained or otherwise) for lack of disclosure under Fed. R. Civ. P Rules 26(a)(2)(B) and 26(a)(2)(C).

Rule 26 of the Federal Rules of Civil Procedure requires parties to disclose the identity of any expert witness. If the expert is "one retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony," the disclosure must be accompanied by a written report contain the experts' opinions and bases, the information relied upon, all exhibits to be used to support or summarize the opinions, the experts' qualifications, and other information. Fed. R. Civ. P. 26(a)(2)(B). A treating physician is only exempt from these requirements "to the extent that [his or her] opinions were formed during the course of treatment." *Goodman v. Staples the Office Superstore, LLC,* 644 F.3d 817, 826 (9th Cir. 2011). In that case, a party must disclose under Rule 26(a)(2)(C) the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. Fed.R.Civ.P. 26(a)(2)(C).

Failure to make disclosures required by Rule 26(a) warrants preclusion, as discussed

in more detail in Defendant's Motion in Limine #1, regarding undisclosed testimony.  As detailed in that motion, Plaintiff did not timely disclose *any* witnesses, whether expert or lay witnesses.   To the extent the Court allows Plaintiff to call witnesses in this case, including but not limited to treating physicians, Plaintiff should be precluded to those opinions properly disclosed and those opinions formed during the course of treatment. *See Garrett v. Woodle,* 2018 WL 6110924, at *4 (D. Ariz. Nov. 21, 2018) (cursory statement that treating providers were expected to testify "in accordance with medical records submitted herewith" did not satisfy Rule 26(a)(2)(C)'s requirements to state "what the opinions are, and do not identify the factual basis for those opinions" under *Goodman.*)

Accordingly, Plaintiff should be precluded from offering any expert witness testimony from any witness, whether it be from an independent expert or a treating provider.

### III.   Lay Witnesses, Including Plaintiff, Cannot Testify to Opinions Calling for Scientific, Technical, or Other Specialized Knowledge.

Lay witness opinion testimony is limited to that which is (a) rationally based on the witness's perception, (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue, *and* (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.  Fed. R. Evid. 701.  The rule "eliminate[s] the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 Adv. Comm. Notes (2000).  Thus, "a witness's testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.*

The first element (rationally based on the witness's perception) is "the familiar requirement of first-hand knowledge or observation."  Fed. R. Evid. 701 Adv. Comm. Notes (1972).  The second element (helpful to a clear understanding of the witness's testimony or to determining a fact in issue) calls for facts as opposed to "broad assertions." *Id.*  With respect to the last element (not based on scientific, technical, or other specialized

knowledge), permissible lay testimony "results from a process of reasoning familiar to everyday life" while impermissible lay testimony "results from a process of reasoning which can be mastered only by specialists in the field." *Id.* Adv. Comm. Notes (2000); *see also Frisone v. United States,* 270 F.2d 401, 403 (9th Cir. 1959) (distinguishing between admissible lay testimony "as to his faulty recollection and poor memory" and inadmissible "testimony as to the existence or treatment of a mental illness serious enough to cause permanent memory impairment," and noting that "only expert testimony will be allowed on technical questions of causation"); *Buchanan v. Santos,* No. 1:08-CV-01174-AWI, 2012 WL 3156776, at *3 (E.D. Cal. Aug. 3, 2012) (finding that, though witnesses may have known of plaintiff's hearing loss, they were not competent to testify about how or why the hearing loss occurred); *Shorter v. Baca,* 101 F. Supp. 3d 876, 902 (C.D. Cal. 2015) (finding plaintiff may testify as to her own experience ("I was in pain") but not as to conclusions or diagnosis regarding her medical conditions ("An infection caused my pain")); *Wilkins v. Kmart Corp.,* 487 F. Supp. 2d 1216 (D. Kan. 2007) (employee precluded from opining that his drowsiness and dizziness were caused by a medication and limited to effects experienced); *Hammond v. Ortho-McNeil Pharms., Inc.,* No. C07-1876RAJ, 2015 WL 6550659, at *3 (W.D. Wash. Oct. 28, 2015) (lay testimony inappropriate regarding effect of drug and whether the drug caused his injuries); *Foster v. Enenmoh,* No. 1:08-CV-01849-LJO, 2012 WL 1289851, at *2 (E.D. Cal. Apr. 16, 2012) (lay testimony inadmissible on appropriateness of course of treatment); *Jerden v. Amstutz,* 430 F.3d 1231, 1239 (9th Cir. 2005) (finding error in witness interpreting medical imaging reports); *Gabrielian v. Lafayette Life Ins. Co.,* No. LACV134694VAPEX, 2018 WL 5900779, at *2 (C.D. Cal. May 10, 2018) ("as Plaintiff does not possess scientific, technical, or other specialized knowledge, to the extent he seeks to diagnose himself with a medical condition, or offer an expert opinion as to his mental competency or that his medical condition caused him to behave in a certain way, he is precluded from doing so"); *Smith v. Garcia,* Case No. 15-cv-10105, 2018 WL 461230, at *8 (N.D. Ill. Jan. 18, 2018) (permitting plaintiff to testify as to her pain but precluding her from providing a medical diagnosis of her injuries or

testifying that Defendants' actions caused her medical problems); *Allen v. Rivera,* No. 1:05-CV-00146-SAB, 2013 WL 5670862, at *3 (E.D. Cal. Oct. 15, 2013) (granting motion *in limine* preventing Plaintiff from providing any testimony regarding diagnosis, opinion, inference or causation as to the nature and extent of his injuries pursuant to Rule 701).

Defendant believes Plaintiff may attempt to testify about psychological conditions and/or medical conditions she attributes to the underlying events of this case to make up for the lack of qualified expert witness disclosures she has made. As set forth in Rule 701, and as held and illustrated in the cases cited above, Plaintiff may testify as to what she experienced but she is not permitted to diagnose herself or testify as to the symptoms and effects of medical or psychological conditions, the adequacy of course of treatment, the cause of medical or psychological conditions or what she alleges as her injuries, all of which require specialized knowledge, skill, experience, training and education that Plaintiff does not have. *See Frisone,* 270 F.2d at 403 (precluding testimony of existence and treatment of illness); *Buchanan,* 2012 WL 3156776, at *3 (how or why medical injury occurred); *Shorter,* 101 F. Supp. 3d at 902 (conclusions and diagnosis of medical conditions and cause); *Wilkins,* 487 F. Supp. 2d at 1216 (cause of symptoms); *Hammond,* 2015 WL 6550659, at *3 (effects of drug and that it caused the injuries); *Foster*, 2012 WL 1289851, at *2 (appropriateness of treatment); *Jerden,* 430 F.3d at 1239 (interpretation of medical reports); *Gabrielian*, 2018 WL 5900779, at *2 (self-diagnosis and implications and effects of medical condition); *Smith,* 2018 WL 461230, at *8 (diagnosis of injuries and testimony that Defendants' actions caused Plaintiff's medical problems); *Allen,* 2013 WL 5670862, at *3 (diagnosis, opinion, inference, or causation as to the nature and extent of injuries).

Accordingly, Plaintiff and her lay witnesses should be precluded from testifying as to any mental health or medical diagnosis she may claim were caused by the underlying events of this case pursuant to Rule 701.

**IV.   Certification**

Counsel certifies that he conferred with Plaintiff on August 9, 2023, and again on

August 24, 2023, in a good faith effort to resolve the disputed evidentiary issues that are the subject of this motion *in limine*.  Plaintiff agreed that she did not intend to elicit any expert witness opinions from any witness except from Dr. Hayden of the United States Bureau of Prisons based on a recent evaluation he performed.  However, for the reasons set forth above and in Defendant's Motion in Limine No. 1, Failure to Timely Disclose Witnesses, filed contemporaneously herewith, Defendant objects to Dr. Hayden as a witness for Plaintiff due to lack of timely disclosure.

**V.     Conclusion**

Based on the foregoing, Defendant moves to preclude any expert witness testimony that Plaintiff may offer from any witness, whether it be from an independent expert, a treating provider, or a lay witness.

Respectfully submitted on this 1st day of September, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

By   *s/ Michael L. Linton*
MICHAEL L. LINTON
Assistant U.S. Attorney
*Attorneys for Defendant*
*United States of America*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of Notice of Electronic Filing to the following, who is not a CM/ECF registrant:

Jeremy Pinson
Fed. Reg. No. # 16267-064
USP Tucson
P.O. Box 24550
Tucson AZ  85734
*Plaintiff*

*s/L. Conlisk*