GARY M. RESTAINO
United States Attorney
District of Arizona
MICHAEL L. LINTON
Assistant U.S. Attorney
Arizona State Bar No. 024729
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Michael.Linton@usdoj.gov
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>United States of America,<br><br>　　　　　Defendant. | No. CV-19-422-TUC-RM<br><br>**MOTION IN LIMINE NO. 4: DEPARTMENT OF JUSTICE INVESTIGATOR GENERAL AND REPORT** |

The United States, by and through undersigned counsel, hereby moves for an order in limine precluding Plaintiff from calling as a witness the Investigator General of the United States Department of Justice and/or attempting to introduce a report he authored. Plaintiff has listed the Inspector General for the purpose of testifying to "his investigation, review, audit, conclusions and response as to manner of BOP PREA investigations." (Doc. 162 at 8.)  However, the Inspector General's testimony and any findings of BOP PREA investigations generally are irrelevant, prejudicial, and a waste of judicial resources. Additionally, Plaintiff has not disclosed or properly listed the document as an exhibit in her Joint Pretrial Statement, and the Inspector General, as a high-level government official, should not be subject to a subpoena in this matter.

I. **Plaintiff Did Not Timely Disclose the Witness or any Such Document**

Defendant reiterates that Plaintiff did not timely disclose any witnesses in this matter prior to the close of discovery, including the Inspector General, and that Plaintiff

should be precluded from calling him for the reasons provided in its Motion in Limine No. 1. *See* Motion in Limine No. 1, Failure to Timely Disclose Witnesses.  Moreover, to the extent Plaintiff wishes to introduce any report authored by the Inspector General, no such report appears on Plaintiff's submissions with the Joint Pretrial Order. *See* Doc. 162 at 18-20.  Accordingly, absent good cause, Plaintiff cannot introduce any such report in this matter. *See* Doc. 41 at 5 ("Pursuant to Fed. R. Civ. P. 37(c), the Court will not allow the parties to offer any exhibits, witnesses or other information that were not previously disclosed in accordance with he provisions of this Order and the Federal Rules of Civil Procedure, **or not listed in the Proposed Pretrial Order,** except for good cause.") (emphasis added).

## II.    IG Horowitz and His Report Are Irrelevant.

Federal Rule of Evidence 402 provides: "Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court.  Irrelevant evidence is not admissible."  Federal Rule of Evidence 401 defines relevant evidence as follows: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  And Federal Rule of Evidence 403 provides that: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See also Coloyan v. Badua*, 256 F. App'x 958, 959 (9th Cir. 2007) (approving order *in limine* precluding testimony as the police "code of silence" because it was not relevant and, even if relevant, "its undue prejudice" and "likely consumption of time, outweighed its prob+ative value."); *Pinson v. Estrada*, No. 4:18-cv-00535-RM, Dkt. 61, p. 7 (D. Ariz. Dec. 17, 2019) (requiring that "proposed witnesses possess first-hand knowledge" as to the relevant issues).

As detailed in Defendant' Motion in Limine No. 2, Evidence of Other PREA

2

1  Incidents and/or Noncompliance, rather than focus on the facts of this case, Plaintiff is
2  attempting to turn this into a trial on what she characterizes as the Bureau's "culture." *See*
3  Defendant's Motion in Limine No. 1, filed contemporaneously herewith, at 5-6. In another
4  filing, Plaintiff stated that she "wants to subpoena relevant witnesses about how PREA was
5  broken long before plaintiff was a repeat victim" of issues prior to the issues in this case.
6  (Doc. 134 at 4.)  She states "Horowitz is DOJ's Inspector General, and his office accuses
7  BOP of failing victims of sexual abuse, which is what this case is about at its very core."
8  (*Id.* at 5.)  But none of this testimony would have any tendency to make a fact that is of
9  consequence in determining the action more or less probable than it would be without the
10 evidence. *See* Fed. R. Evid. 401. Plaintiff has not demonstrated or disclosed that IG
11 Horowitz has any personal knowledge regarding the July 12, 2019, altercation, the events
12 leading up to it, or Officer Vasquez's advance knowledge of threats to Plaintiff. Moreover,
13 Plaintiff seeks to introduce other incidents about how misconduct allegations were handled
14 *after* their respective alleged abuses, yet her surviving claim does not allege USP Tucson
15 was negligent in its handling of her alleged sexual assault after the fact; it claims it failed
16 to prevent the assault.

17        This testimony and/or report would cause unfair prejudice, confuse the issues, cause
18 undue delay, waste time and needlessly present cumulative evidence. *See* Fed. R. Evid.
19 403. Even if tangentially relevant, it would cause unfair prejudice, confuse the issues, cause
20 undue delay, waste time and needlessly present cumulative evidence.  This is a simple case
21 about whether Plaintiff reported threats to Officer Vasquez prior to the altercation taking
22 place.  Allowing Plaintiff to call the DOJ Inspector General about the Bureau of Prisons
23 generally or incidents at other prisons would cause undue delay, waste the court's time,
24 and be a completely unnecessary drain on judicial resources in pursuit of irrelevant and
25 immaterial evidence.

26        III.     **As a High-Level Official, the Inspector General Is Not Subject to**
27                    **Subpoena in this Case.**

28        Plaintiff may not subject IG Horowitz, a high-ranking government official, to a

3

subpoena in this case, given his lack of first-hand knowledge. Under the "apex doctrine," heads of government agencies and high-ranking officials are not subject to compelled testimony absent firsthand knowledge. *See Kyle Eng'g Co. v. Kleppe,* 600 F.2d 226, 231 (9th Cir. 1979) ("Heads of government agencies are not normally subject to deposition."). Testimony from such individuals is typically allowed only "where the official has first-hand knowledge related to the claim being litigated." *Bogan v. Cty. of Boston*, 489 F.3d 417, 423 (1st Cir. 2007); *see also Breiterman v. United States Capitol Policy,* 323 F.R.D. 36 (D.D.C. Nov. 7, 2017) (subpoena of Office of Inspector General of United States Capitol Police would be unduly burdensome where office has no firsthand knowledge of policies at issue); *cf. Lederman v. New York City Dep't of Parks & Recreation,* 731 F.3d 199, 203 (2d Cir. 2013) (depositions justified where each official has 'unique first-hand knowledge related to the litigated claims" that "cannot be obtained through other, less burdensome or intrusive means.").

The Inspector General is appointed by the President of the United States subject to Senate confirmation, 5a U.S.C. § 3(a), and accordingly is a high-ranking official under the apex doctrine. *See BAE Systems San Diego Ship Repair Inc. v. United States,* --- F.Supp.3d ---, 2023 WL 3081288, *5 (S.D. Cal. Apr. 24, 2023) (presidential appointees serving at highest level of divisions were high-ranking officials under the apex doctrine); *Washington Post Co. v. Special Inspector General,* No. 18-2622 (ABJ), 2021 WL 4502106, *13 (D.C. Sep. 20, 2021) (discussing that, in context of Freedom of Information Act, the defendant's definition of a high-ranking official was an official appointed by the president and confirmed by the senate).  Plaintiff does not assert that the Inspector General has first-hand knowledge about the assault by her cellmate, the circumstances leading to the assault, or Plaintiff's injuries. Plaintiff cannot subject the Inspector General to testimony.

### IV.  Certification

Counsel certifies that he conferred with Plaintiff on August 9, 2023, and again on August 24, 2023, in a good faith effort to resolve the disputed evidentiary issues that are the subject of this motion *in limine*.  The parties could not come to an agreement on the

subject of this motion.

V.     **Conclusion**

Based on the foregoing, the United States respectfully requests that Plaintiff be precluded from calling Inspector General Michael Horowitz as a witness and from introducing as evidence any report, findings, or other document generated by his office at trial.

Respectfully submitted on this 1st day of September, 2023.

>     GARY M. RESTAINO
>     United States Attorney
>     District of Arizona
>
>     By  *s/ Michael L. Linton*
>     MICHAEL L. LINTON
>     Assistant U.S. Attorney
>     *Attorneys for Defendant*
>     *United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of Notice of Electronic Filing to the following, who is not a CM/ECF registrant:

Jeremy Pinson
Fed. Reg. No. # 16267-064
USP Tucson
P.O. Box 24550
Tucson AZ  85734
*Plaintiff*

*s/L. Conlisk*