GARY M. RESTAINO
United States Attorney
District of Arizona
MICHAEL L. LINTON
Assistant U.S. Attorney
Arizona State Bar No. 024729
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Michael.Linton@usdoj.gov
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-422-TUC-RM |
| Plaintiff, | **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING LATE DISCOVERY (DOC. 193)** |
| v. | |
| United States of America, | |
| Defendant. | |

Defendant, by and through undersigned counsel, hereby responds to Plaintiff's Motion for Clarification regarding Late Discovery (Doc. 193.)

Plaintiff's Motion refers to a transcript of her deposition, which was taken on November 21, 2021. This deposition was taken over the phone by prior counsel for the United States while Plaintiff was housed at USP Coleman in Florida. During a review of the case file in preparation of trial, it became apparent that Plaintiff had not read and signed a copy of the deposition transcript or that a copy of the transcript was provided to her with the option to read and sign the transcript and return it to the Court reporter within 30 days.

To ensure she has the opportunity to do so, Defendant sent a copy of the transcript to Plaintiff on August 14, 2023. Along with Defendant's correspondence and a review-only copy of the transcript, Defendant included correspondence from the Court Reporter instructing Plaintiff on how to make deposition corrections and return these corrections to

1

the Court Reporter's office. (*See* Correspondence from Court Reporter, attached hereto as Exhibit A.)  Additionally, the correspondence instructions that:

> The transcript may not be copied in any format, nor is the witness, Ms. Pinson, allowed to keep it. It bears a Read and Sign Only watermark. Unless purchased, this transcript may not be used in any motions, pleadings, or filings with the court. The transcript must be returned to us along with the signed correction sheet and signed signature page. You may purchase a copy of this transcript by contacting our office and providing payment in advance.

(*See id.*)

To the extent Plaintiff suggests that the sending of this transcript constitutes "late discovery," she is mistaken. Defendant was under no obligation to "disclose" a copy of this transcript to Plaintiff.  Generally, courts will not order or a defendant to provide a plaintiff with a copy of the plaintiff's deposition transcript.  Rather, a plaintiff must obtain it from the officer before whom the deposition was taken pursuant to Fed. R. Civ. P. Rule 30(f)(3). "The law does not require that plaintiff be provided a free copy of her deposition transcript unless she paid for a copy, and defendant is under no obligation to provide plaintiff with a free copy." *Israel v. Carter,* 2:21-cv-1267-DAD-KJN-P, 2023 WL 4602731, at *1 (E.D. Cal. Jul. 18, 2023). Nor does Plaintiff's in forma pauperis status authorize the expenditure of public funds for deposition transcripts. 28 U.S.C. § 1915; *Tedder v. Odel,* 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.") (quoting *United States v. MacCollum,* 426 U.S. 317, 321 (1976)).

Setting this aside, Plaintiff has had a full copy of this transcript since at least February 2022, when Defendant attached a complete copy of the transcript to its Statement of Facts in support of its Motion for Summary Judgment.  (*See* Doc. 77-1.)  This was five months before discovery ultimately closed, a deadline which had been extended for the appointment of counsel to assist Plaintiff with discovery issues.  (*See* Doc. 86.)  Plaintiff has not only had this transcript this entire time but relied on it in responding to Defendant's Motion for Summary Judgment.  (*See* Doc. 80 at 2-8) (citing Plaintiff's deposition

2

1  transcript to dispute Defendant's Statement of Facts Nos. 3, 7, 12-14, 17, 22-24, 28, 30, 38, 40, 44.)  In fact, the Court relied upon Plaintiff's citations to this *same* transcript in determining that a triable question of fact existed.  (*See e.g.* Doc 117 at 6) (citing Plaintiff's reference to her own deposition testimony that she "made a number of attempts to be separated from Mahkimetas after he began making threats.") Plaintiff cannot credibly contend that this is the first she is seeing this transcript.

Defendant most recently forwarded Plaintiff a copy of her deposition transcript because it was not clear whether she had sought to review it or had been provided instructions on how to review it in the past.  In reading Plaintiff's Motion, it is apparent that she does not wish to do so at this point either.  If Plaintiff does not have any corrections or does not wish to make any corrections to the transcript, that is her right. *See* Rule 30(e) ("On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript…is available in which…to review the transcript…and if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.") Plaintiff was sent the copy of the transcript on August 14, 2023, giving her until September 15, 2023, to list any corrections.

Plaintiff indicates that Defendant's correspondence did not attach a self-addressed and stamped envelope.  Defendant informs Plaintiff and the Court that it inadvertently missed including the self-addressed envelope when the transcript was mailed.  Defendant also informs Plaintiff and the Court that BOP advised the Defendant that inmates cannot receive prepaid postaged envelopes per BOP policy.  Defendant will make arrangements with Plaintiff and BOP to obtain Plaintiff's corrections and transcript to send back to the Court Reporter.

/ / /

/ / /

/ / /

Respectfully submitted on this 11th day of September, 2023.

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
>By *s/ Michael L. Linton*
>MICHAEL L. LINTON
>Assistant U.S. Attorney
>*Attorneys for Defendant*
>*United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of Notice of Electronic Filing to the following, who is not a CM/ECF registrant:

Jeremy Pinson
Fed. Reg. No. # 16267-064
USP Tucson
P.O. Box 24550
Tucson AZ  85734
*Plaintiff*

*s/M. Parker*