United States District Court
District of Arizona

Jeremy Pinson,
Plaintiff,

v.

United States of America,
Defendant

No. 19-CV-00422-RM

## Plaintiff's Motion in Limine No. 1

Comes now the pro se plaintiff and moves in limine to exclude or limit the testimony of defense witness Ricki Makhimetas.

Defendant has listed convicted sex offender, and plaintiff's would-be rapist, to testify at trial in this matter. In general, the Court may issue "in limine rulings" as part of "the practice [that] has developed pursuant to the district court's inherent authority to manage the course of trials". Luce v. United States, 469 U.S. 38, 41 n.4 (1984).

First, Makhimetas having physical access to the plaintiff - having already tried to beat her to death and rape her - would violate her rights even more than the U.S. Attorney's Office already has under the Crime Victims

1

Rights Act, 18 U.S.C. 3771.

Second, Makihmetas' testimony should be excluded as more prejudicial that probative pursuant to Fed. R. Evid 403. The very idea of the Government using a convicted sex offender and would be rapist to shield itself from civil liability is despicable, inflammatory, and not worth the psychological harm to plaintiff, or the risk of him physically attacking her again in the courtroom during trial or in the courthouse in general. He is a "separatee" of plaintiff within BOP and should not gain physical access to her to act the role of Government pawn.

Third, the Government's use of Makihmetas against plaintiff will worsen an already discriminatory use of the judicial process in violation of the Equal Protection Clause. Sadly, female inmates are regularly sexually abused. See, e.g. Beaubrun et al. v. United States, No. 19-CV-00615-TJC-PRL (M.D.Fla. at Doc.1). The U.S. Attorney for the District of Arizona intends to continue its discriminatory practice against transgender sexual abuse victims like the plaintiff in a manner it treats no other women on behalf of the United States anywhere in America. See, e.g. Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 267-68 (1977)(outlining process of establishing a prima facie case of discrimination). In other cases of victims

of attempted rape and murder, inside as well as outside the District of Arizona, the United States by and through the U.S. Attorneys Office have never - insofar as plaintiff's research can discern - treated a crime victim as it has in this case. The variety of ways a prima facie case of discrimination can be established include historical patterns, deviation from normal procedures and processes, disparaging comments, dissimilar treatment of similarly situated persons, etc. The plaintiff can establish, via a multitude of cases, that this U.S. Attorney's Office has treated cisgender and transgender victims dissimilarly. From not doing rape kits, to not bringing in the FBI to interview her post-assault, to destruction of crime scene evidence, the plaintiff can if the Court will allow at a hearing presentation of no less than 10 examples of how plaintiff was discriminated against as compared to cisgender victims in this District in similarly situated crimes, as well as outside-District cases involving the discriminatory treatment of transgender women in BOP versus cisgender women in cases where the victims were far less egregiously injured than plaintiff. And in none of those cases, that total in the dozens, was a convicted sex offender and would-be-rapist like Makhimetas **EVER**

3

used by the Government to discredit the victim as is being done in this case. See, e.g. Herrera v. United States, No. 20-cv-10206 (PKC)(S.D.N.Y.). Discrimination against LGBTQ persons, particularly transgender individuals, is not even remotely new. See, e.g. Macy v. Holder, 2012 WL 1435995 (Apr. 20, 2012); Walker v. Azar, 480 F.Supp.3d 417, 420 (E.D.N.Y. 2020) (entering nationwide injunction). The United States Attorney, Gary Restaino, was not appointed by President Biden to bully and traumatize transgender victims in Arizona. Mr. Maxhimetas has done, and will do, both if he is allowed to attend this trial to continue his victimization with the Government's encouragement.

Fourth, Maxhimetas' testimony should be limited - if it is allowed at all - to testifying by video conference. Even if the "discriminatory purpose" here includes unconscious bias (as it may under current equal protection jurisprudence)(See, e.g. Banks & Ford, (How) Does Unconscious Bias Matter? Law, Politics, and Racial Inequality, 58 Emory L.J. 1053 at 1090-93 (2009)) he need not testify in-person.

Fifth, BOP PREA regulations and policy (28 C.F.R. Part 115 et seq.) provides she must have access to psychological and non-BOP counseling after contact with a sexual abuser. The plaintiff seeks an Order that she receive such post-trial counseling after being forced to examine or cross-examine

4

the man who tried to beat her to death and rape her since the Government intends to use the sexual predator against her at trial.

Wherefore, this motion should be GRANTED.

*Jeremy Pinson*

Jeremy Pinson

Certificate of Service

I certify service of this upon AUSA Linton by ECF Notice - due to no photocopier access - and is sent via U.S. Mail to the Court on this 29th day of Aug. 2023, postage-prepaid.

*Jeremy Pinson*