United States District Court
District of Arizona

☒ FILED   ☐ LODGED
10-10-2023
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

Jeremy Pinson,
        Plaintiff,

v.

United States of America,
        Defendant

No. 19-cv-00422-RM

Motion For Preliminary Injunction to Protect
Freedom of Speech/Press

_____

Comes now the pro se plaintiff pursuant
to Fed. R. Civ. P. 65(a) and seeks preliminary
injunctive relief to enjoin prohibitions on speech
and access to the news media.

I. Relevant Facts

Plaintiff regularly corresponds with a staff
reporter at the news media organization The
Marshall Project. (Pinson Decl. at Att. A ▨).
That reporter, Beth Schwartzapfel seeks a telephonic
and in-person interview with plaintiff and are
working towards covering the trial in this
case in person for publication in a national
publication that reaches millions of Americans
every day. (id.). The USP Tucson Warden, Mark
Gutierrez, has blocked plaintiff from calling or
visiting Schwartzapfel and has further threatened

-1-

to arrest Schwartzapfel (id.).

## II - Standard of Review

The preliminary injunction standard requires a "movant, by a clear showing, carries the burden of persuasion." Lopez v. Brewer, 680 F.3d 1068, 1072 (9th Cir. 2012). The moving party must show that she "is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, Inc, 555 U.S. 7, 24 (2008); Am. Trucking Assoc., Inc., v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).

The "serious questions" version of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's Winter decision. Alliance for The Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Under that test, a preliminary injunction is appropriate when a plaintiff demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in [her] favor." Id. (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)). "For example, a stronger showing of "one element may offset a weaker showing of another," "a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." Id. at 1131.

## III - Arguments

### A. Plaintiff Is likely To Succeed On The Merits

The First Amendment guarantees every american the right to freedom of speech, of the press, and to petition the Government for a redress of grievances. U.S. Const, Amend I. This lawsuit is one example, Bridges v. Gilbert, 557 F.3d 541, 551 (7th Cir. 2009). Communications with the Media are to "be free from governmental interference with [their] contacts with the press if that interference is based on the content of [their] speech" Kimberlin v. Quinlan, 199 F.3d 496, 502 (D.C. Cir. 1999).

Plaintiff and others are actively communicating with reporters at The Marshall Project seeking to publish the details of this case and to cover the bench trial set to begin Nov. 6, 2023 in this case. (Pinson Decl. at 2-3). Warden Mare Gutierrez is now prohibiting plaintiff from any phone calls or visits with the news media (id.) and is actively continuing to threaten to arrest any news media representatives who show up at the prison or the trial (id.).

Prisoners are entitled to write letters to the press. Mujahid v. Sumner, 807 F.Supp. 1505, 1509-11

3

(D. Haw. 1992), aff'd, 996 F.2d 1226 (9th Cir. 1993).

Prison officials have a long history of retaliating against prisoners who criticize them to people or agencies on the outside. See, e.g. Meriwether v. Coughlin, 879 F.2d 1037, 1046 (2d Cir. 1989). Even though such retaliation is unlawful. Pratt v. Rowland, 770 F.Supp. 1399, 1406 (N.D.Cal. 1991). "Allowing inspection of media mail will chill open communication by these residents with the media since it allows critics to be identified, creating fear of reprisals." Procunier v. Martinez, 416 U.S. 396, 429 (1974) (Marshall, J., Concurring).

There is no doubt that the plaintiff has negative things to say to the national news media about the systemic abuse by BOP at USP Tucson, and how AUSA Linton seeks to obstruct justice and perpetuate that USP Tucson operates in good faith and brings harm to noone. But Mr. Linton and the officials at USP Tucson have no right to try to silence plaintiff about the horrific treatment she has received at the hands of BOP staff and the lawyers who protect staff abusers. See: Canadian Coalition Against the Death Penalty v. Ryan, 269 F.Supp. 2d 1199, 1202-03 (D. Ariz. 2003). AUSA Linton and Gary Restaino both are accused of protecting the abusers and plaintiff has every right to share that fact with the news media, and for the news media to be at the prison and the trial in this case without fear

4

of arrest. The BOP has brought this upon itself in its egregious treatment of plaintiff. The Warden has also stated he will arrest any live protestors exercising their rights to call attention to how the AUSA's have treated plaintiff so poorly all throughout this case. (Ex. 1).

There is no question that plaintiff's First Amendment rights are violated hereby and on this basis she seeks to enjoin defense efforts to block her speech as trial approaches.

## B. <u>Irreparable Harm / Balance of Hardships</u>

The denial of constitutional rights is an irreparable injury as a matter of law, per the U.S. Supreme Court. Elrod v. Burns, 427 U.S. 347, 373 (1976); Am. Trucking, 559 F.3d at 1058-59. Further abridgement of plaintiff's freedom of speech and to the press about this case is an irreparable injury. Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005); City of Los Angeles, v. Lyons, 461 U.S. 95, 136 (1983).

Plaintiff's proposed injunction will pose no burden as defendant has no right to attempt to bar her from speaking freely to the news media. Duran v. Anaya, 642 F.Supp. 510, 527

(D.N.M. 1986); Lambert v. Buss, 498 F.3d 446, 452-53 (7th Cir. 2007); Pratt, 770 F.Supp. 1399.

## C. The Public Interest / Serious Questions

"It is always in the public interest to protect constitutional rights." Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008). The rights of the First Amendment "in prisons is obviously in the public interest" Maywether v. Newland, 258 F.3d 930, 938 (9th Cir. 2001).

If the plaintiff wishes to demonstrate to national news media the horrific abuses of USP Tucson's transgender population, and how Gary Restaino and AUSA Michael Linton fought hard in this Court to prevent a trial at all and now to hamstring plaintiff at the trial with motions in limine to deny her a fair trial that is her right. If she seeks to publicize how she was poorly treated during this case, and how the U.S. Attorneys' Office denied her her rights under the Crime Victims Rights Act (18 U.S.C. 3771) or engaged in LGBT discrimination, that too is her right. If she chooses to show the press how defendant and AUSA Linton discriminated against her, that too is her right. And the public itself has a right to know what happens in these prisons and how lawyers protect the abusers to subvert justice, it is her right to say that to the

news media. If the White House appointed Mr. Restaino to protect the civil rights of trans individuals, and his office has abandoned that mission via his subordinate AUSA's, plaintiff has a right to tell the news media just how much the White House has been failed by him on a national level. Diamontiney v. Borg, 918 F.2d 793 (4th Cir. 1990); Pratt, 770 F.Supp. at 1406; Gomez v. Vernon, 255 F.3d 1118, 1127-30 (9th Cir. 2001).

The public has a right to know how the defendant less than 24 hours ago allowed an LGBTQ person at USP Tucson to be stomped to death, (Pinson Decl.), weeks before a trial on whether or not it protects them. Threats to arrest news media representatives at the prison or the trial egregiously violates the public right to know.

## Conclusion

Plaintiff seeks the following relief in an Order granting a preliminary injunction:

(1) Defendant, and all its personell at FCC Tucson and the U.S. Attorney's Office, are enjoined from any action that is intended to prevent

7

plaintiff from speaking to the news media about the trial in this case;

2) Defendant is enjoined from denying plaintiff visitation or telephone contact about the trial of this case with representatives of the news media;

3) Defendant is enjoined from arresting or detaining and representatives of the news media or protestors at the trial of this case or at the prison facility where plaintiff is housed.

Jeremy Pinson

Certificate of Service

I hereby certify service upon AUSA Linton via ECF Notice due to lack of access to a photocopier, it is mailed to the Court via U.S. Mail on 10-3-23.

Jeremy Pinson

8