GARY M. RESTAINO
United States Attorney
District of Arizona
MICHAEL L. LINTON
Assistant U.S. Attorney
Arizona State Bar No. 024729
SARAH S. LETZKUS
Assistant U.S. Attorney
Arizona State Bar No. 027314
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
michael.linton@usdoj.gov
sarah.letzkus@usdoj.gov
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>           Plaintiff,<br><br>v.<br><br>United States of America,<br><br>           Defendant. | No. CV-19-422-TUC-RM<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ORDER SECURING TRIAL WITNESSES (DOC. 216)** |

Defendant United States of America, by and through undersigned counsel, hereby responds to Plaintiff's Motion for Issuance of Subpoenas (Doc. 216). Defendant respectfully objects to subpoenas of witnesses precluded from testifying under the Court's ruling motions in limine (Doc. 217), as discussed further below.

**I. Plaintiff's Motion for Order Securing Trial Witness Appearances**

Plaintiff's Motion seeks the issuance of subpoenas for nineteen witnesses, including Bureau of Prisons staff and inmates. (Doc. 216.) Shortly after Plaintiff filed this motion, the Court ruled on the parties' motions in limine. (Doc. 217.) As relevant to this Motion, the Court granted Defendant's Motion in Limine #2, to preclude evidence of other incidents and/or PREA noncompliance (Doc. 196), and partially granted and partially denied Defendant's Motion in Limine #3, to preclude opinion testimony (Doc. 197), and Motion

1

in Limine #5, to preclude evidence regarding functionality of the cell duress alarm (Doc. 199).

Plaintiff's Motion seeks to compel the appearances of four categories of trial witnesses, current or former BOP personnel who no longer work at USP Tucson (**Von Blanckensee, Carbajal, Avilez**, and **Dukett**), BOP personnel who work at USP Tucson (**Johnson, Hayden, Licata, Espinoza, Merrell, Estrada, Vasquez,** and **Williams**), BOP inmates (**Bennett, Bynum, Tori Jackson, Cody Jackson, Wilcox, Gendron, Gulisano, Zaragosa-Solis** and **Latulas**). These three categories are addressed in turn.

**II. Discussion**

1. <u>BOP Staff No Longer at USP Tucson</u>

Plaintiff seeks to call two of these four witnesses, former **Warden von Blanckensee** and **SIA Randy Carbajal,** for reasons deemed inadmissible in the Court's recent Order. Plaintiff has disclosed she would call former Warden von Blanckensee to "testify as fact witness regarding PREA policies, regulations, and investigations before and after July 12, 2019." (Doc. 162 at 7.) She disclosed she would call SIA Randy Carbajal "as fact witness to SIS investigations of PREA after 7-12-2019." (*Id.* at 8.) Defendant moved to preclude these witnesses (among others) from testifying in its second motion in limine, (Doc. 196 at 2), which the Court granted because the evidence for these witnesses would be called "is inadmissible under the Federal Rules of Evidence, and any probative value it may have is substantially outweighed by Rule 403 concerns.") (Doc. 217 at 6-7). Defendant therefore objects to the motion with respect to these two witnesses.

Regarding **Officer John Dukett**, Plaintiff anticipates he would testify as "fact witness to the plaintiff's move into cell with Makhimetas that had no duress alarm, and to PREA issues in USP Tucson SHU." (Doc. 162 at 8-9.) On the issue of the duress alarm, the Court partially granted Defendant's fifth motion in limine, ruling that Plaintiff cannot present evidence at trial solely for the purpose of challenging the existing summary judgment ruling. (Doc. 217 at 11.) "Given the summary judgment ruling, evidence of the non-functionality of the duress alarm in Plaintiff's cell is not relevant on its own to establish

2

a violation of the FTCA," though the court determined that the fact that the duress alarm was non-functioning could be relevant for other purposes, "for example, if the non-functioning alarm prolonged Makhimetas' attack or delayed Plaintiff's receipt of medical treatment, thereby affecting Plaintiff's damages." (*Id.*) Because the Court has determined that Officer's Dukett's placement in the cell cannot be a basis of liability, Officer Dukett's testimony lacks probative value, and his testimony would be a waste of the Court's and the parties' time. Regarding PREA issues, the Court precluded evidence of other PREA issues in granting Defendant's second motion in limine. (Doc. 217 at 6-7.) Defendant therefore objects to the motion with respect to this witness.

Defendant does not object to **Nurse Avilez's** testimony. Defendant will stipulate to providing her a subpoena. Additionally, to the extent the Court deems any of these former BOP staff members to be permissible witnesses in this matter, Defendant will assist in securing their appearances for trial.

2. Current USP Tucson Employees

Defendant objects to a subpoena being issued for the appearance of **Dr. Johnson**. In the Joint Pretrial Order, Plaintiff listed Dr. Johnson as a witness as to "handling of PREA matters in SHU during summer 2019 as fact witness." (Doc. 162 at 10-11.) Defendant moved to preclude Dr. Johnson as a witness in its second motion in limine, which the Court granted. (Doc. 217 at 6-7.) In this motion, Plaintiff now seeks to have Dr. Johnson testify for the additional purposes of "Plaintiff's housing in SHU" and her "post-assault treatment of plaintiff." (Doc. 216 at 2.) This goes beyond the scope of testimony in the Joint Pretrial Order, and, unlike Dr. Hayden, Plaintiff did not mention Dr. Johnson in the previous motions she filed after the close of discovery. *See* Doc. 217 at 8-9 (granting in part third motion in limine to preclude opinion testimony, except for Dr. Hayden, because Plaintiff previously expressed her intent to testify regarding the effect of violence on Plaintiff's mental health in Doc. 128, and Nurse Avilez and Dr. Licata, because Plaintiff disclosed they would testify as to Plaintiff's injuries in the Joint Proposed Pretrial Order.)

Defendant has no objections to subpoenas being issued regarding **Dr. Hayden**, **Dr.**

1 **Licata**, **Lt. Merrell**, **LPN Williams**, **DHO Estrada**, **Lt. Espinoza,** and **Officer Vasquez**.

3. <u>Inmates</u>

Defendant objects to subpoenas being issued for **Inmates Gendron, Gulisano,** and **Wilcox.** Plaintiff's motion indicates she would call these three witnesses about other alleged PREA violations by Officer Vasquez, a subject the Court precluded in granting Defendant's second motions in limine. (*See* Doc. 217 at 6-7.) Defendant successfully moved to preclude these witnesses. (Doc. 196 at 1-2; Doc. 217 at 6-7.)

Defendant also objects to subpoenas being issued for **Inmates Tori Jackson** and **Cody Jackson.** Though Plaintiff's motion states that these inmates would testify to "Makhimetas' violence upon plaintiff and how plaintiff begged staff for protection from Makhimetas as an eyewitness," (Doc. 216 at 4), Plaintiff only disclosed in the Joint Proposed Pretrial Order that these witnesses would testify as "fact witness to staff non-compliance with PREA, Vasquez violations." (Doc. 162 at 7.) Defendant successfully moved to preclude these witnesses in its second motion in limine. (196 at 1-2; Doc. 217 at 6-7.)

Defendant also objects to a subpoena being issued regarding **Inmate Latulas.** Plaintiff's motion anticipates Latulas would testify that he witnessed inmate "Makhimetas injure another, which he reported to USP Tucson staff who took no steps to assess the threat Makhimetas posed to others prior to his assault of Plaintiff." (Doc. 216 at 5.) However, in the Joint Proposed Pretrial Order she identified that Latulas "will testify to PREA non-compliance and labelling Plaintiff a snitch for her PREA complaints as a fact witness and other 28 CFR 115.67 violations." (Doc. 162 at 7.) Defendant successfully moved to preclude this witness in its second motion in limine. (Doc. 196 at 1-2; Doc. 217 at 6-7.)

Defendant has no objections to subpoenas being issued regarding **Inmates Bennett, Bynum,** and **Zaragosa-Solis.**

**III. Conclusion**

Defendant respectfully respects that the Court only issue subpoenas to those witnesses whose testimony is permitted under the Court's recent Order regarding motions

4

in limine (Doc. 217).  Based on the Court's recent rulings, subpoenas should not issue for: former **Warden von Blanckensee**, **SIA Carbajal**, **Officer Dukett**, **Dr. Johnson**, and **inmates Gendron, Gulisano, Wilcox, Tori Jackson, Cody Jackson**, and **Latulas**. Defendant respectfully requests that any inmate and out-of-state BOP staff witnesses be permitted to testify via video-teleconference.

Respectfully submitted on this 18th day of October, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

By *s/ Michael L. Linton*
MICHAEL L. LINTON
SARAH S. LETZKUS
Assistant U.S. Attorneys
*Attorneys for Defendant*
*United States of America*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and transmittal of Notice of Electronic Filing to the following, who is not a CM/ECF registrant:

Jeremy Pinson
Fed. Reg. No. # 16267-064
USP Tucson
P.O. Box 24550
Tucson AZ  85734
*Plaintiff*

*s/M. Parker*