MGD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00422-TUC-RM |
| Plaintiff, | |
| v. | **ORDER** |
| United States, | |
| Defendant. | |

Plaintiff Jeremy Pinson, who is confined in the United States Penitentiary in Tucson, Arizona filed this pro se civil rights action. The sole remaining claim in this action is a claim under the Federal Tort Claims Act ("FTCA") alleging that prison officials did not address Plaintiff's reports that her cellmate was threatening to rape her before the cellmate injured Plaintiff. (*See* Doc. 117.) A bench trial on this claim is scheduled to begin on November 6, 2023. (Doc. 180.)

Before the Court is Plaintiff's Motion for Preliminary Injunction to Protect Freedom of Speech/Press in which she seeks an order enjoining Defendant United States, all Federal Correctional Center Tucson personnel, and the United States Attorney's Office "from any action that is intended to prevent Plaintiff from speaking to the news media about the trial in this case"; from denying Plaintiff visitation or telephone contact with representatives of the news media; and from arresting or detaining representatives of the news media or protestors at the trial or the prison where Plaintiff is housed. (Doc. 218.) Defendant filed a Response in opposition. (Doc. 226.)

Although briefing on this Motion is not complete, the Court will deny the Motion because the FTCA does not provide for equitable relief. *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992)) (courts lack jurisdiction under the FTCA to award equitable relief against the federal government); *Pesnell v. United States*, 64 Fed. App'x 73, 74 (9th Cir. 2003) (mem.) ("The FTCA does not contain a waiver of sovereign immunity for equitable claims."). The FTCA makes the United States liable in money damages for the torts of its agents under certain conditions, but the FTCA does not submit the United States to injunctive relief. *Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974). Even if the Court had jurisdiction over this request, the issues Plaintiff raises in her Motion are unrelated to the one remaining claim in this action. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (even though the plaintiff's assertions of retaliation might support additional claims, those assertions could not provide a basis for a preliminary injunction in the existing medical care lawsuit).

Accordingly, the Court will deny the Motion.

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction to Protect Freedom of Speech/Press (Doc. 218) is **denied**.

Dated this 26th day of October, 2023.

_____
Honorable Rosemary Márquez
United States District Judge