**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00422-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States, | |
| Defendant. | |

Pending before the Court is Plaintiff Jeremy Pinson's Motion for Reconsideration of Order in Limited Parts.  (Doc. 229.)  In the Motion, Plaintiff asks the Court to partially reconsider its October 10, 2023 Order (Doc. 217) resolving the parties' Motions in Limine.  Specifically, Plaintiff argues that this Court should reconsider the portions of the Order granting Defendant's Motion in Limine No. 2: Evidence of Other Incidents and/or PREA Noncompliance and Defendant's Motion in Limine No. 4: Department of Justice Investigator General and Report.  (Doc. 229 at 1-10.)  Plaintiff also asks the Court to reconsider its finding that the record does not support Plaintiff's contention that she timely disclosed a witness list during discovery in this case.  (*Id.* at 10-11.)

I.      **Background**

In the remaining claim in this case, Plaintiff seeks monetary damages under the Federal Tort Claims Act ("FTCA"), alleging that United States Penitentiary ("USP")-Tucson prison officials failed to address her reports that her cellmate, Ricki Makhimetas, was threatening to rape her.  (*See* Docs. 21, 22, 25, 53, 117.)

1    On October 10, 2023, the Court resolved the parties' Motions in Limine.  (Doc.

2  217.)  In relevant part, the Court denied Defendant's Motion in Limine No. 1: Failure to

3  Timely Disclose Witnesses and granted Defendant's Motion in Limine Nos. 2 and 4.

4  (*Id.*)  With respect to Defendant's Motion in Limine No. 1, the Court found that the

5  record did not support Plaintiff's contention that she timely disclosed a witness list, but

6  the Court declined to preclude Plaintiff's witnesses on the grounds of untimely

7  disclosure.  (*Id.* at 3-5.)  With respect to Defendant's Motion in Limine No. 2, the Court

8  found that evidence of Prison Rape Elimination Act ("PREA") non-compliance or

9  retaliation on unrelated occasions by Officer Vasquez or other Bureau of Prisons

10  ("BOP") staff members was inadmissible under Federal Rule of Evidence 404(b) because

11  it appeared Plaintiff intended to introduce such evidence for the impermissible purpose of

12  proving "that Officer Vasquez failed to respond appropriately during the incident at issue

13  in this case."  (*Id.* at 5-7.)  The Court also found that Rule 403 concerns significantly

14  outweighed any probative value of the evidence.  (*Id.* at 7.)  With respect to Defendant's

15  Motion in Limine No. 4, the Court found that Inspector General Horowitz's anticipated

16  testimony concerning the BOP's PREA non-compliance was inadmissible and that the

17  apex doctrine provided further reason to preclude the testimony because Inspector

18  General Horowitz lacks first-hand knowledge of the facts at issue in this case.  (*Id.* at 9-

19  10.)

20    **II.     Standard of Review**

21    "The Court will ordinarily deny a motion for reconsideration of an Order absent a

22  showing of manifest error or a showing of new facts or legal authority that could not have

23  been brought to its attention earlier with reasonable diligence."  LRCiv 7.2(g)(1).  Mere

24  disagreement with a previous order is an insufficient basis for reconsideration.  *See Leong*

25  *v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

26    **III.    Discussion**

27    In her Motion for Reconsideration, Plaintiff argues with respect to the Court's

28  ruling on Defendant's Motion in Limine No. 2 that (1) at the time of Makhimetas' attack,

BOP staff were bound to follow PREA regulations and Program Statement 5324.12; (2) Officer Miguel Vasquez has a motive to lie at trial and Plaintiff should be allowed to call witnesses "to impeach him if he stands on his lie of no wrongdoing"; (3) evidence of other incidents of PREA non-compliance is relevant to the BOP's "failure to monitor, audit, and correct the non-compliance by its staff"; and (4) Officer Vasquez's failure in his duties on the date of Makhimetas' attack "was part of a pattern and practice at USP Tucson" of deviating from PREA regulations and Program Statement 5324.12.  (Doc. 229 at 3-8.)  Plaintiff also argues that this Court misconstrued her intent in offering evidence of other incidents of PREA non-compliance.  (*Id.* at 8.)  Plaintiff argues that her intent in offering such evidence is not "to prove that Officer Vasquez failed to respond appropriately during the incident at issue in this case," but, rather, "to prove that the United States' employees failed to adhere to PREA and despite repeated and distinct opportunities to correct such . . . the United States/BOP took no corrective action by willfully ignoring its duties."  (*Id.* at 8-9.)  With respect to the Court's ruling on Defendant's Motion in Limine No. 4, Plaintiff argues that Inspector General Horowitz has first-hand knowledge of his duties under PREA, his actions to meet those duties, and his report and conclusion that the BOP was PREA-noncompliant.  (*Id.* at 10.)

Evidence is relevant if it has any tendency to make a fact of consequence in determining the action either more or less probable.  Fed. R. Evid. 401.  In the remaining FTCA claim in this case, Plaintiff alleges that Defendant's employees negligently failed to act on her reports that Makhimetas was threatening her.  To be relevant, evidence must relate to that claim.  Punitive damages are not available under the FTCA, 28 U.S.C. § 2674, and this case is not a referendum on the BOP's compliance or non-compliance with PREA in general.  Plaintiff has not shown that the Court manifestly erred in finding that evidence of unrelated incidents of PREA non-compliance—including evidence regarding Inspector General Horowitz's report and conclusions—is inadmissible.

With respect to the Court's ruling on Defendant's Motion in Limine No. 1, Plaintiff contends that a piece of certified mail—that Defendant avers contained a witness

list for a different case—actually contained the witness list for the other case as well as the witness list for this case. (*Id.* at 10-11.) Assuming the truth of this contention would not change the Court's ruling on Defendant's Motion in Limine No. 1, as the Court denied that Motion and declined to preclude Plaintiff's witnesses on the grounds of untimely disclosure.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 229) is **denied**.

Dated this 30th day of October, 2023.

Honorable Rosemary Márquez
United States District Judge