**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson, | No. CV-19-00422-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Leave to Supplement Discovery and to Amend Joint Pretrial Order. (Doc. 231.) The Motion is not fully briefed; however, given the imminent trial in this matter, the Court finds it necessary to resolve the Motion in an expedited fashion.[1] The Court will partially grant and partially deny the Motion, with leave for Plaintiff to raise objections at trial.

**I.    Background**

The parties filed their Joint Proposed Pretrial Order on April 24, 2023. (Doc. 162.) Defendant later filed a Motion in Limine seeking to preclude the witnesses listed by Plaintiff in the Joint Pretrial Order on the grounds that Plaintiff had not disclosed them during discovery in this case. (Doc. 195.) The Court found that the record indicated Plaintiff had failed to timely disclose a witness list, but the Court declined to preclude Plaintiff's witnesses on the grounds of untimely disclosure. (Doc. 217 at 3-5.) The Court reasoned that Plaintiff's listing of the witnesses in the Joint Pretrial Order satisfied the

---

[1] Ordering expedited briefing was not feasible in this case given the logistics caused by Plaintiff's incarceration and pro se status.

pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3), and that preclusion of the witnesses was too harsh a penalty under the circumstances for a violation of the witness-list provision of the Court's Scheduling Order. (Doc. 217 at 3-5.) Plaintiff later moved for reconsideration, arguing that a piece of certified mail that Defendant averred contained a witness list for a different case actually contained the witness list for the other case as well as the witness list for this case. (Doc. 229 at 10-11.) Because assuming the truth of Plaintiff's contention would not change the Court's ruling declining to preclude Plaintiff's witnesses for untimely disclosure, the Court denied the Motion for Reconsideration. (Doc. 238 at 3-4.)

On October 23, 2023, the Court resolved Plaintiff's Motion for Order Securing Trial Witness Appearances. (Doc. 223.) In relevant part, the Court granted Plaintiff's request for the issuance of subpoenas commanding the trial testimony of inmates Anthony Bennett, Samuel Bynum, and Ernesto Zaragosa-Solis. (*Id.*)

**II.   Discussion**

In its Motion for Leave to Supplement Discovery and to Amend Joint Pretrial Order, Defendant seeks leave to produce the following documents and to amend the Joint Pretrial Order to include them as trial exhibits:

(1) Previously disclosed PREA Investigative Report, but with the identities of inmates and staff unredacted;

(2) Inmate History Quarters of Inmates Bennett, Bynum, and Zaragosa-Solis;

(3) Diagram of USP Tucson Special Housing Unit;

(4) Various legal filings and convictions in other District Court matters involving inmates Bennett, Bynum, and Zaragosa-Solis;

(5) Special Housing Unit Roster from July 12, 2019;

(6) Special Housing Unit 30-Minute Check Documentation from July 12, 2019;

(7) Suicide Risk Assessment of Dr. Samantha Licata dated July 15, 2019, and Follow-Up dated July 16, 2019;

(8) Addendum to RN Quesada Nursing Note dated July 16, 2019.

(Doc. 231.)

**A. Impeachment Documents: Witnesses Bennett, Bynum, and Zaragosa-Solis**

Defendant argues that good cause exists to allow the production and use at trial of items (1) through (4) because the documents rebut the potential testimony of inmates Bennett, Bynum, and Zaragosa-Solis, and allowing use of the documents will allow Defendant to fairly respond to these late-disclosed witnesses. (Doc. 231 at 2-4.) Defendant also notes that the pretrial disclosure of impeachment materials is not required by Federal Rule of Civil Procedure 26(a)(3). (*Id.* at 4.)

Federal Rule of Civil Procedure 26(a)(3)(A) requires the pretrial disclosure of "each document or other exhibit" that a party "may present at trial other than solely for impeachment."[2] Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information . . . as required by Rule 26(a) . . . the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless."

Because Defendant intends to use the documents at issue for purposes of impeachment, their pretrial disclosure was not required by Rule 26(a)(3)(A), and the Court therefore does not find grounds to preclude the documents under Rule 37(c)(1). Furthermore, the Court finds that Defendant has established good cause for not listing the documents at issue in the Joint Pretrial Order. Even assuming the truth of Plaintiff's contention that she disclosed a witness list during discovery in this case, there has been no showing that witnesses Bennett, Bynum, and Zaragosa-Solis were included in that witness list or that they were otherwise disclosed prior to the preparation and filing of the parties' Joint Proposed Pretrial Order.

**B. Impeachment Documents: Pinson**

Defendant also seeks to disclose and use at trial items (5) and (6), a Special Housing Unit Staff Roster and a Special Housing Unit 30-Minute Check Documentation sheet from July 12, 2019. (Doc. 231 at 4.) Defendant avers that its counsel recently

---

[2] The information that the Court requires the parties to include in their Joint Proposed Pretrial Order encompasses the pretrial disclosures required by Rule 26(a)(3). (*See* Doc. 41; Doc. 217 at 4.)

discovered the existence of the 30-Minute Check Documentation, and that Defendant will use the document to impeach Plaintiff's testimony if she testifies inconsistently. (*Id.*)

Because disclosure of impeachment materials is not required by Rule 26(a)(3), the Court will allow the use of items (5) and (6) solely for purposes of impeachment if Plaintiff testifies inconsistently.[3]

### C. Suicide Risk Assessments and Addendum to Nursing Note

Finally, Defendant seeks to disclose and use at trial items (7) and (8), a Suicide Risk Assessment and Follow-Up completed by Dr. Samantha Licata, and an Addendum to RN Quesada's Nursing Note dated July 16, 2019. (Doc. 231 at 5.) Defendant argues that Plaintiff will not be prejudiced by the production and use of these documents because: (1) Dr. Licata's Sexual Abuse Intervention report, which was disclosed during discovery in this case, references the Suicide Risk Assessment, as does the Joint Pretrial Order; and (2) Plaintiff is in possession of the documents because they were disclosed to her in a separate case, 4:19-CV-401. (*Id.*)

In the Joint Pretrial Order, Defendant indicated Dr. Licata would testify regarding a suicide risk assessment that she conducted on Plaintiff. (Doc. 162 at 14 ¶ 6.) However, Defendant did not list as exhibits the Suicide Risk Assessment dated July 15, 2019, the Follow-Up dated July 16, 2019, or the Addendum to RN Quesada's Nursing Note. (*See id.* at 21-25.) Defendant's disclosure of these documents in a separate case did not put Plaintiff on notice that Defendant intended to use the documents in this case. Because pretrial disclosure of these documents was required by Rule 26(a)(3), and Defendant has not shown that its failure to timely disclose the documents "was substantially justified or harmless" pursuant to Rule 37(c)(1), the Court will not allow Defendant to amend the Joint Pretrial Order to allow the use of items (7) or (8) at trial.

**IT IS ORDERED** that Defendant's Motion for Leave to Supplement Discovery and to Amend Joint Pretrial Order (Doc. 231) is **partially granted and partially denied**,

---

[3] To the extent Defendant seeks to use the documents for purposes other than impeachment, the Court finds that Defendant has not shown that its failure to list the documents in the Joint Pretrial Order "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 26(a)(3).

as follows:

1. Defendant's request to amend the Joint Pretrial Order is **granted** with respect to the following documents, and Defendant may use the documents at trial for purposes of impeachment only:

   - PREA Investigative Report with identities of inmates and staff unredacted;
   - Inmate History Quarters of Inmates Bennett, Bynum, and Zaragosa-Solis;
   - Diagram of USP Tucson Special Housing Unit;
   - Various legal filings and convictions in other District Court matters involving inmates Bennett, Bynum, and Zaragosa-Solis;
   - Special Housing Unit Roster from July 12, 2019;
   - Special Housing Unit 30-Minute Check Documentation from July 12, 2019.

2. Defendant's request to amend the Joint Pretrial Order is **denied** with respect to Dr. Licata's Suicide Risk Assessment dated July 15, 2019, Dr. Licata's Follow-Up dated July 16, 2019, and RN Quesada's Nursing Note dated July 16, 2019. Defendant may not use these documents at trial.

Dated this 2nd day of November, 2023.

_____
Honorable Rosemary Márquez
United States District Judge