**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Jeremy Pinson,

               Plaintiff,

v.

United States,

               Defendant.

No. CV-19-00422-TUC-RM

**ORDER**

       Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 240) and Motion for Order Securing Witnesses by Videoconference (Doc. 241).

**I.     Background**

       In the remaining claim in this case, Plaintiff seeks monetary damages under the Federal Tort Claims Act ("FTCA") against Defendant United States, alleging that United States Penitentiary ("USP")-Tucson prison officials failed to address her reports that her cellmate was threatening to rape her. (*See* Docs. 21, 22, 25, 53, 117.) Specifically, Plaintiff alleges that on July 12, 2019, she was placed in the Special Housing Unit ("SHU") in a cell with Ricki Makhimetas. (Doc. 22 at 5.) She passed notes to Officer Miguel Vasquez notifying him that Makhimetas had threatened to rape her, but Officer Vasquez did not separate Plaintiff from Makhimetas. (*Id.*) Later that night, Makhimetas attacked and tried to rape Plaintiff, causing injuries that required her to be transported to the emergency department of the Tucson Medical Center. (*Id.*)

       The parties filed their Joint Proposed Pretrial Order on April 24, 2023. (Doc.

162.)  A bench trial is scheduled for November 6, 2023.  (Doc. 180.)

On October 10, 2023, the Court issued an Order resolving the parties' Motions in Limine.  (Doc. 217.)  In relevant part, the Court ruled: (1) that evidence of unrelated incidents of retaliation or non-compliance with the Prison Rape Elimination Act ("PREA") by Bureau of Prisons ("BOP") staff members is inadmissible, and (2) that evidence of the non-functionality of the duress alarm in Plaintiff's cell is irrelevant on its own to establish a violation of the FTCA but could potentially be relevant to Plaintiff's damages if the lack of alarm prolonged Makhimetas' attack or delayed Plaintiff's receipt of medical treatment.  (*Id.* at 5-7, 10-11.)  The Court also ruled that Plaintiff would be allowed to call Dr. James Hayden, Dr. Samantha Licata, and Nurse J. Avilez, whom Plaintiff had disclosed in the Joint Pretrial Order or earlier filings as witnesses who would testify to their medical examination and/or treatment of Plaintiff.  (*Id.* at 7-8.)

On October 23, 2023, the Court partially granted Plaintiff's Motion for Order Securing Trial Witness Appearances.  (Doc. 223.)  In the Motion, Plaintiff requested the issuance of subpoenas to secure the trial testimony of specified BOP staff members, former staff members, and inmates.  (Doc. 216.)   The Court approved service of subpoenas for the following trial witnesses: Dr. James Hayden, Dr. Samantha Licata, Lieutenant Espinoza, Lieutenant Garrett Merrell, DHO Antoinetta Estrada, Officer Vasquez, Nurse Jeffrey Williams, Nurse J. Avilez, Anthony Bennett, Samuel Bynum, and Ernesto Zaragosa-Solis.  (Doc. 223.)  Upon review of the anticipated witness testimony described in the Joint Pretrial Order, the Court determined that the anticipated testimony of the following witnesses was inadmissible: Barbara von Blanckensee, Randy Carbajal, Johnny Dukett, Jason Gendron, Justin Gulisano, Nicholas Wilcox, Dr. S. Johnson, Tori Jackson, Cody Jackson, and MacArthur Latulas.  (*Id.* at 2-3.)

The Court resolved Plaintiff's Motion for Order Securing Trial Witness Appearances on an expedited basis to ensure the United States Marshal's Service would have sufficient time to serve the subpoenas in advance of the November 6, 2023 trial. Accordingly, the Court issued its Order before the filing of Plaintiff's Reply in support of

1    the Motion.  (Doc. 236.)  In the Reply, Plaintiff avers that all of the witnesses listed in her

2    Motion will offer admissible testimony.  (Doc. 236.)  Specifically, Plaintiff avers that

3    Carbajal investigated the July 12, 2019 assault by Makhimetas and completed a PREA

4    investigation that he sent to then-Warden von Blanckensee for her review and approval.

5    (*Id.* at 2.)  Plaintiff avers that Dukett will testify to the lack of a duress alarm in Plaintiff's

6    cell.  (*Id.*)  Plaintiff states that Dr. Johnson was a treating psychologist of Plaintiff's in

7    July 2019.  (*Id.* at 2-3.)  Plaintiff contends that Tori Jackson, Cody Jackson, Gulisano,

8    Gendron, and Wilcox are eyewitnesses to Makhimetas' sexually abusive behavior and to

9    Plaintiff's injuries inflicted by Makhimetas, and that they will offer testimony

10   impeaching that of Officer Vasquez.  (*Id.* at 3.)  Finally, Plaintiff argues that Latulas told

11   staff that Makhimetas was going to rape or kill other inmates prior to the July 12, 2019

12   attack.  (*Id.* at 3-4.)

13          After the Court issued its October 23, 2023 Order, Plaintiff filed the pending

14   Motion for Reconsideration (Doc. 240) and Motion for Order Securing Witnesses by

15   Videoconference (Doc. 241).

16   **II.     Motion for Reconsideration of October 23, 2023 Order**

17          In her Motion for Reconsideration, Plaintiff argues that this Court relied on

18   Defendant's inaccurate representations regarding Plaintiff's witnesses' anticipated

19   testimony, without the benefit of seeing Plaintiff's Reply.  (Doc. 240.)  Plaintiff argues

20   that many of the witnesses that she listed in the Joint Pretrial Order are impeachment

21   witnesses, and "Plaintiff seeks not to be hamstrung prior to trial as to her ability" to

22   impeach testimony by Officer Vasquez or other BOP staff witnesses.  (*Id.* at 1-2.)

23   Plaintiff further argues that von Blanckensee and Carbajal were directly involved in the

24   investigation arising from Makhimetas' attack; that Tori Jackson and Cody Jackson were

25   eyewitnesses to the attack; that Dr. Johnson provided psychological counseling to

26   Plaintiff after the attack; that Dukett housed Plaintiff in a cell with no alarm; that

27   Gulisano was sexually harassed by Makhimetas; and that Latulas and Wilcox will

28   provide testimony impeaching that of Makhimetas.  (*Id.* at 2-4.)  Plaintiff argues that "it

would be manifestly unjust to deny plaintiff a fair trial on the basis of defendant's persistent distortion of plaintiff's witnesses['] testimony." (*Id.* at 4.)

The Court did not rely in its October 23, 2023 Order on Defendant's descriptions of Plaintiff's witness testimony.  To the contrary, the Court relied on Plaintiff's own descriptions of the testimony.  In the Joint Pretrial Order, Plaintiff averred that the witnesses at issue would testify as follows:

- "Barbara von Blanckensee will testify as fact witness regarding PREA policies, regulations, and investigations before and after July 12, 2019."
- "[Randy] Carbajal will be called as fact witness to SIS investigations of PREA after 7-12-2019."
- "Tori Jackson will testify as fact witness to staff non-compliance with PREA, Vasquez violations."
- "Cody Jackson will testify as fact witness to staff non-compliance with PREA, Vasquez violations."
- "Dr. S. Johnson [w]ill testify as to handling of PREA matters in SHU during summer 2019 as fact witness."
- "[Johnny] Dukett will be called as fact witness to the plaintiff's move into cell with Makhimetas that had no duress alarm, and to PREA issues in USP Tucson SHU."
- "[Justin] Gulisano [will be] called as fact witness to staff who disclosed Plaintiff's PREA complaints to her and as to staff non-compliance with PREA."
- "MacArthur Latulas will testify to PREA non-compliance and labelling Plaintiff a snitch for her PREA complaints as a fact witness and other 28 CFR 115.67 violations."
- "Nicholas Wilcox will testify as fact witness as a victim of sexual abuse by Makhimetas and staff non-compliance with PREA."
- "Jason Gendron [will be] called as fact witness to staff not complying with PREA, threats and retaliation for PREA."

- 4 -

(Doc. 162 at 7-11.)

These witnesses' anticipated testimony—as described by Plaintiff herself in the Joint Pretrial Order—is inadmissible pursuant to this Court's rulings on the parties' Motions in Limine.  (*See* Doc. 217.)   Specifically, the Court ruled that evidence of unrelated PREA non-compliance is inadmissible (*id.* at 6-7), and Plaintiff stated in the Joint Pretrial Order that the following witnesses were anticipated to testify regarding unrelated PREA investigations and non-compliance: von Blanckensee, Carbajal, Tori and Cody Jackson, Dr. S. Johnson, Dukett (in part), Gulisano, Latulas, Wilcox (in part), and Gendron (Doc. 162 at 7-11).  The Court allowed Plaintiff to call medical professionals whom she disclosed in the Joint Pretrial Order or earlier filings as witnesses who would testify to their medical examination and/or treatment of Plaintiff (Doc. 217 at 7-8), but Plaintiff did not disclose Dr. S. Johnson as a witness anticipated to testify to those issues; rather, Plaintiff stated in the Joint Pretrial Order that Dr. S. Johnson would testify to the handling of PREA matters in the SHU in 2019 (Doc. 162 at 10-11).  The Court ruled that evidence regarding the functionality of the duress alarm in Plaintiff's cell could potentially be relevant if the non-functionality of the alarm affected Plaintiff's damages (Doc. 217 at 11), but Plaintiff herself can testify to the non-functionality of the alarm and the effect, if any, it had on her damages.  The probative value of the testimony of Dukett on that issue would be substantially outweighed by the needless presentation of cumulative evidence.  *See* Fed. R. Evid. 403.  Finally, the Court recognized in its October 23, 2023 Order that the testimony of Wilcox regarding prior sexual predation by Makhimetas could potentially be relevant if there were a showing that Officer Vasquez had been aware of the prior sexual predation at the time of the events at issue in this case, but that Plaintiff had not made such a showing.  (Doc. 223 at 3 n.2.)

In her Motion for Order Securing Trial Witness Appearances, her Reply in support thereof, and her Motion for Reconsideration, Plaintiff has continuously shifted her descriptions of the anticipated testimony of the witnesses at issue.   Shifting the descriptions of the anticipated witness testimony on the eve of trial does not allow

1   sufficient time for the United States Marshal's Service to serve witness subpoenas.  The

2   Court warned the parties in its Scheduling Order that it would not allow them to offer any

3   witnesses that were not listed in the Joint Proposed Pretrial Order, and the Court required

4   the parties to "provide a brief description" of each witness's testimony in the Joint

5   Proposed Pretrial Order.  (Doc. 41 at 5, 8.)  Plaintiff has not shown that the Court erred in

6   relying on the descriptions of witness testimony that she provided in the Joint Proposed

7   Pretrial Order.

8      **III.      Motion for Order Securing Witnesses by Videoconference**

9            In her Motion for Order Securing Witnesses by Videoconference, Plaintiff asks

10  that all inmates that she identified in the Joint Pretrial Order be made available to testify

11  at trial via videoconference.  (Doc. 241.)  Plaintiff avers that most such witnesses will be

12  called to impeach the testimony of Defendants' staff witnesses,[1] and that subpoenas are

13  unnecessary for the witnesses.  (*Id.* at 1-2.)

14          The Court is unable to grant Plaintiff's blanket request to coordinate the

15  videoconference appearance of all inmates listed in her Joint Pretrial Order on the off

16  chance that she may call them for purposes of impeachment at trial.  In the Joint Pretrial

17  Order, Plaintiff listed 61 witnesses.  She did not specify which of the witnesses were

18  BOP inmates, and it is not clear which will be able to offer relevant impeachment

19  testimony at trial.  Locating inmate witnesses and coordinating their videoconference

20  testimony requires significant time and resources on the part of both the judiciary and the

21  BOP.  If, during trial, Plaintiff comes to believe that the testimony of specific inmate

22  witnesses is necessary for purposes of impeachment, she shall promptly notify the Court.

23          **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 240) is

24  **denied**.

25  . . . .

26  . . . .

27  . . . .

28
_____
[1] Federal Rule of Civil Procedure 26(a)(3)(A) requires parties to disclose the names of all witnesses they may call at trial "other than solely for impeachment."

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order Securing Witnesses by Videoconference (Doc. 241) is **denied without prejudice**.

Dated this 3rd day of November, 2023.

_____
Honorable Rosemary Márquez
United States District Judge